```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF RHODE ISLAND
_____
                                   )
ISABEL S. COHEN, on Behalf of      )
Herself and All Others             )
Similarly Situated,                )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )   C.A. No. 09-153 S
                                   )
RHODE ISLAND TURNPIKE AND          )
BRIDGE AUTHORITY,                  )
                                   )
        Defendant.                 )
                                   )
_____)
```

**ORDER**

WILLIAM E. SMITH, United States District Judge.

I.  Background

   Pursuant to the Court's request at a March 25, 2011 in-chambers conference, the parties submitted letter briefs discussing whether the Class Action Fairness Act of 2005 ("CAFA") applies to the parties' settlement in this matter. For the reasons set forth below, the Court concludes that CAFA's substantive provisions apply to this class action.

II. Discussion

   CAFA contains both substantive and jurisdictional provisions.[1]  28 U.S.C. §§ 1332(d), 1453, 1711-15 (2006);

---

   [1] The phrase "substantive provisions" refers to the section of CAFA titled "Consumer Class Action Bill of

see also C. Douglas Floyd, The Inadequacy Of The Interstate Commerce Justification For The Class Action Fairness Act Of 2005, 55 Emory L.J. 487, 490-91 (2006). One of CAFA's jurisdictional provisions expands the diversity jurisdiction of federal courts. 28 U.S.C. § 1332(d)(2). Plaintiff contends that, because the Court did not acquire jurisdiction over this matter under that newly minted jurisdictional provision, CAFA's substantive provisions should not apply. Defendant rejoins that the substantive provisions of CAFA apply to all federal class actions, regardless of the source of jurisdiction.

CAFA broadly defines the term "class action" in its substantive provisions to include "any civil action filed in a district court of the United States under rule 23 of the Federal Rules of Civil Procedure . . . ." 28 U.S.C. § 1711. There is no reference to the jurisdictional provision, 28 U.S.C. § 1332(d), in this definition.

Here, the Court certified this class action in accordance with Rule 23, so it follows that the substantive provisions of CAFA apply. See Touhey v. United States, No. EDCV 08-01418-VAP (RCx), 2011 WL 3179036, at *2 (C.D. Cal. July 25, 2011) (noting denial of a settlement agreement on

---

Rights" while the phrase "jurisdictional provisions" refers to those sections of CAFA that amend 28 U.S.C. § 1332 and add 28 U.S.C. § 1453.

grounds that the defendant had not yet met its obligations under CAFA where jurisdiction was based on the presence of a federal question and the fact that the United States was a defendant).

Plaintiff relies on Amoche v. Guar. Trust Life Ins. Co., 556 F.3d 41, 43 (1st Cir. 2009), but Amoche is no help; it merely outlines the requirements for asserting jurisdiction over class actions based on diversity of citizenship. Id. Neither Amoche, nor any other case, to the Court's knowledge, has restricted the application of CAFA's substantive provisions to only those actions brought under CAFA's jurisdictional provisions.

Moreover, an interpretation that CAFA's substantive provisions apply only to class members whose actions obtain jurisdiction under CAFA's jurisdictional provisions would be inconsistent with the chief goal of CAFA's substantive provisions -- to provide safeguards to class action beneficiaries. See S. Rep. No. 109-14, at 30 (2005), reprinted in 2005 U.S.C.C.A.N. 29 (stating that the primary function of CAFA's substantive provisions is to "help ensure that class actions do not hurt their intended beneficiaries").

III. Conclusion

For the reasons discussed herein, the Court concludes that CAFA's substantive provisions apply to the parties' settlement in this matter.

IT IS SO ORDERED.

*William E. Smith*
William E. Smith
United States District Judge
Date:  March 1, 2012