UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

---

ISABEL S. COHEN, on Behalf of Herself
and All Others Similarly Situated,

                  Plaintiff,

    v.

RHODE ISLAND TURNPIKE AND
BRIDGE AUTHORITY,

                  Defendant.

C.A. No. 09-153 S

---

## CLASS ACTION SETTLEMENT AGREEMENT

This Stipulation of Settlement (the "*Stipulation*" or "*Settlement Agreement*") is made and entered into by and among Isabel S. Cohen, the *Plaintiff*, individually and on behalf of the *Settlement Class* and *Defendant* Rhode Island Turnpike and Bridge Authority ("*RITBA*") in the above-captioned *Action*.[1]

**RECITALS**

    **WHEREAS**, *Cohen v. Rhode Island Turnpike and Bridge Authority*, C.A. No. 09-153S (D. R.I.), was commenced asserting claims for relief under the United States Constitution and under common law against the *Defendant* with respect to *Defendant's* RI E-ZPass Discount Plan, all of which claims were disputed by *Defendant*; and

    **WHEREAS**, the Court issued a decision dated April 7, 2011 in which it found that *Defendant's* conduct was proper and constitutional with respect to the RI E-ZPass Discount Plan ("*Decision*");

---

[1] *Italicized* words are defined herein.

**WHEREAS**, prior to the *Decision*, the *Parties* reached an agreement in principle for a settlement in this *Action* in order to avoid any future expense and uncertainty with respect to any appeals of the *Decision*; and

**WHEREAS**, the *Parties* desire to promptly and fully resolve, settle and dismiss with finality the *Action* with prejudice and without further litigation;

**NOW, THEREFORE**, the *Parties*, in consideration of the promises, covenants, and agreements herein described, and for other good and valuable consideration, acknowledged by each of them to be satisfactory and adequate, and intending to be legally bound, do hereby mutually agree as follows:

**1      DEFINITIONS**

1.1      "*Action*" shall mean *Cohen v. Rhode Island Turnpike and Bridge Authority*, C.A. No. 09-153S (D. R.I.).

1.2      "*Agreed Expenses*" shall have the meaning set forth in Section 9.2.3 hereof.

1.3      "*Agreement Execution Date*" shall have the meaning set forth in Section 11.13 hereof.

1.4      "*Case Contribution Award*" shall have the meaning set forth in Section 10.1 hereof.

1.5      "*Class Counsel*" shall mean Stull, Stull & Brody.

1.6      "*Class Notice*" shall mean one or more of the forms of notice appended to the *Preliminary Approval Order* attached hereto as Exhibit 1.

1.6.1      "*Long-Form Notice*" shall mean the notice which is to be posted on the *Settlement Website* substantially in the form of Exhibit A to the form of *Preliminary Approval Order* attached hereto as Exhibit 1.

1.6.2 "*Email Notice*" shall mean the notice which is to be emailed to certain members of the *Settlement Class* substantially in the form of Exhibit B to the form of *Preliminary Approval Order* attached hereto as Exhibit 1.

1.6.3 "*Mail Notice*" shall mean the notice which is to be mailed to certain members of the *Settlement Class* substantially in the form of Exhibit C to the form of *Preliminary Approval Order* attached hereto as Exhibit 1.

1.6.4 "*Publication Notice*" shall mean the form of notice appended as Exhibit D to the form of *Preliminary Approval Order* attached hereto as Exhibit 1.

1.7 "*Class Settlement Amount*" shall mean the aggregate sum of $906,151.98 dollars in United States currency.

1.8 "*Complaint*" shall mean the Complaint filed in this *Action*.

1.9 "*Court*" shall mean the United States District Court for the District of Rhode Island.

1.10 "*Defendant*" shall mean Rhode Island Turnpike and Bridge Authority or *RITBA*.

1.11 "*Escrow Agent*" shall mean the *Person* selected by *Class Counsel* and agreed upon by the *Parties* to control an account established at a financial institution for the deposit(s) and withdrawal(s) of any amounts relating to the *Settlement*, which deposit(s) and withdrawal(s) may be made as is consistent with the terms of this *Settlement Agreement* and as authorized by *Class Counsel* and Pannone Lopes Devereaux & West LLC ("*PLDW*").

1.12 "*Fairness Hearing*" shall have the meaning set forth in Section 2.1.4 hereof.

1.13 "*Final*" shall mean, with respect to any *Final Order* approving this settlement, that the time to appeal the *Final Order* has expired without the filing of any appeals, or, in the event of any appeal, an order has been entered dismissing the appeal or affirming the *Final*

*Order*, and any time period for further appeal, including a petition for writ of certiorari, has expired. The date upon which the *Settlement Agreement* becomes *Final* is referred to herein as the "*Effective Date*."

1.14    "*Final Order*" shall have the meaning set forth in Section 2.1.4 hereof and be substantially in the form attached hereto as Exhibit 2.

1.15    "*Parties*" and "*Released Parties*" shall mean *Plaintiff* Isabel S. Cohen and *Defendant* RITBA.

1.16    "*Person*" shall mean an individual, partnership, corporation, governmental entity, or any other form of entity or organization.

1.17    "*Plaintiff*" shall mean Isabel S. Cohen.

1.18    "*Plaintiff's Counsel*" shall mean Stull, Stull & Brody and Law Offices of Stephen R. White.

1.19    "*Plan of Allocation*" shall mean the Court approved formula to distribute the Settlement Proceeds as contemplated by Article 2 hereof and described in Section 8.2.2 hereof. The plan of allocation proposed by *Plaintiff* and agreed to by *Defendant* is attached hereto as Exhibit 3.

1.20    "*Preliminary Approval Motion*" shall have the meaning set forth in Section 2.1.1 hereof.

1.21    "*Preliminary Approval Order*" shall have the meaning set forth in Section 2.1.1 hereof and be in substantially in the form attached hereto as Exhibit 1.

1.22    "*Released Defendant's Claims*" shall mean all claims by the *Defendant* against *Plaintiff* or *Plaintiff's Counsel* relating to the institution or prosecution of the *Action*, or the settlement of any *Released Plaintiff's Claims*.

1.23    "*Released Plaintiff's Claims*" shall mean all claims, debts, actions, allegations, obligations, fees, expenses, costs, matters, demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, concealed or hidden, by *Plaintiff* or any member of the *Settlement Class* arising out of or relating to the RI E Z Pass Discount Plan, *RITBA*'s toll schedule, and the collection of tolls to cross the Newport/Claiborne Pell Bridge (the "*Newport Bridge*") during the *Settlement Class Period* that were alleged or could have been alleged in the *Action*. *Released Defendant's Claims* and *Released Plaintiff's Claims* are refereed to collectively as *"Release Claims."*

1.24    "*Releases*" shall mean the releases and covenants not to sue set forth in Articles 3 and 4 hereof.

1.25    "*Representatives*" shall mean legal representatives, attorneys, agents, directors, officers, or employees.

1.26    "*Settlement*" shall mean the settlement to be consummated under this *Settlement Agreement*.

1.27    "*Settlement Administrator*" shall mean the *Person* retained by *Class Counsel* to administer the *Settlement* subject to the jurisdiction of the *Court*.

1.28    "*Settlement Agreement*" shall mean this Class Action Settlement Agreement.

1.29    "*Settlement Class*" shall mean "all persons who were non-Rhode Island residents who during the *Settlement Class Period* paid tolls to cross the *Newport Bridge* using an E-ZPass, FastLane or other comparable system, and who did not receive the discount given to Rhode Island residents pursuant to the RI E-ZPass Discount Plan."

1.30    "*Settlement Class Period*" shall mean the period from December 16, 2008 through and including April 7, 2011.

1.31    "*Settlement Expenses*" shall have the meaning set forth in Sections 8.1 and 8.2 hereof.

1.32    "*Settlement Fund*" shall mean the *Class Settlement Amount* deposited with the *Escrow Agent* and any interest earned thereon.

1.33    "*Settlement Proceeds*" shall mean the balance of the *Settlement Fund* after satisfaction of attorneys' fees and expenses pursuant to Section 10.1 hereof, Case Contribution Award pursuant to Section 10.1 hereof, and any other Settlement Expenses pursuant to Sections 8.1 and 8.2 hereof.

1.34    "*Settlement Website*" shall mean the website to be established or maintained by the *Settlement Administrator* where the *Settlement Class* members can obtain copies of the *Complaint*, the *Long-Form Notice*, this *Settlement Agreement* and the *Plan of Allocation*, as described in the *Publication Notice*, *Email Notice* and the *Mail Notice*. The URL associated with the *Settlement Website* shall be approved by *RITBA* in advance of its launch.

2    **CONDITIONS AND OBLIGATIONS RELATING TO THE EFFECTIVENESS OF THE SETTLEMENT**

The *Parties* shall have the following obligations, and the *Settlement* is contingent on the following conditions in Sections 2.1 through 2.4 hereof, unless waived in writing by the *Parties*.

2.1    Condition #1: Court Approval. The *Settlement* is contingent upon *Court* approval as described below. The *Court* will be notified as soon as practicable of the execution of the *Settlement Agreement*, and of the relevant terms regarding the effectuation of the *Settlement*. The *Parties*' rights and obligations under the *Settlement* are contingent upon and subject to prior *Final* approval of the *Court* and the *Final Order* becoming *Final*. The *Parties* shall seek from the *Court* as soon as practicable (i) preliminary approval of the terms of the *Settlement*, (ii) preliminary certification of the *Settlement Class* pursuant to Federal Rule of Civil

Procedure 23(b)(3) to modify the *Court's* previous order certifying the class, (iii) approval of the forms of *Class Notice* of the *Settlement*, and (iv) the scheduling of a hearing date for *Final* approval of the *Settlement* (including the *Plan of Allocation*) as fair, reasonable, and adequate, with appropriate time allowed for objection(s) from the *Settlement Class*.

2.1.1   Motion for Preliminary Approval of Settlement.   The *Parties* shall file a motion for Preliminary Approval of *Settlement* to seek an order preliminarily approving the *Settlement* and the *Parties* shall, in good faith, take reasonable steps to (i) secure expeditious *Court* entry of the *Preliminary Approval Order* and (ii) seek the scheduling of the *Fairness Hearing*, described in Section 2.1.3 hereof, at least ninety (90) calendar days after the emailing the *Email Notice* and mailing of the *Mail Notice* in accordance with Section 2.1.3 hereof.  *RITBA* shall provide proper notice of the *Settlement* in accordance with the Class Action Fairness Act within ten days of the *Parties* filing of the *Preliminary Approval Motion* with the *Court*.

2.1.2   *Settlement Class* Certification.   In connection with the proceedings on preliminary and *Final* approval of the proposed *Settlement*, *Plaintiff*, through *Plaintiff's Counsel*, will seek orders (preliminary and final, respectively) certifying the *Settlement Class* pursuant to Federal Rule of Civil Procedure 23(b)(3), and *Defendant* shall consent to certification of the *Settlement Class* for purposes of this *Settlement* only and for no other purpose.   The *Parties* agree that the *Settlement Class* should be treated as an opt-out class.   The *Parties* also agree that if the *Court* does not enter the *Final Order*, the *Action* will be dismissed with prejudice and without costs.

2.1.3   Issuance of *Class Notice*.   As contemplated by the *Preliminary Approval Order*, *Class Notice* shall be disseminated to the *Settlement Class*, which shall be provided with the opportunity to object to the *Settlement*, and the attorneys' fees, costs and expenses sought by

*Plaintiff's Counsel*.  On the timetable and in the manner set by the *Court* in the *Preliminary Approval Order*, the *Settlement Administrator* shall disseminate notice to the *Settlement Class*. To the extent *RITBA* has not already done so, *RITBA* shall use reasonable efforts to provide the *Settlement Administrator* or other noticing agent retained by *Class Counsel*, within thirty (30) calendar days of the execution of the *Settlement Agreement*, the names and last known addresses and/or email addresses of the *Settlement Class* in electronic format, and timely thereafter to respond to any reasonable written requests for accessible data in *RITBA*'s custody or control necessary to effectuate notice and to implement, enforce, or determine the administration of a plan of allocation and amounts to be allocated pursuant to the *Plan of Allocation*.  All reasonable costs relating to the issuance of *Class Notice* shall be paid out of the *Settlement Fund*.  If the *Settlement* is not approved, the actual expended cost of notice and administration shall not be refunded to *RITBA*.

       2.1.4　*Fairness Hearing*.  Upon entry of the *Preliminary Approval Order*, the *Parties* contemplate that the *Court* will schedule and then conduct a hearing at which it will consider whether the *Settlement* is fair, reasonable, and adequate (the "*Fairness Hearing*") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.  Specifically, the *Plaintiff* will request that the *Court* determine, at or after the *Fairness Hearing*: (i) whether to enter judgment finally approving the *Settlement* (which judgment is referred to herein as the "*Final Order*"); (ii) whether the distribution of the *Settlement Proceeds* as provided in the *Plan of Allocation* should be approved or modified; and (iii) an appropriate amount of attorneys' fees, costs, and expenses, as contemplated by Article 2 of this *Settlement Agreement*.  The *Parties* agree to support entry of a *Final Order* as contemplated by clause (i) of this Section 2.1.4 and as attached hereto as Exhibit 2.  *Defendant* will not take any position with respect to the matters described in clause

(ii) (except for its support of the potential *cy pres* distribution in the Plan of Allocation) or (iii) of this Section 2.1.4 so long as *Plaintiff's* request is consistent with this *Settlement Agreement*. The *Parties* agree that they will reasonably cooperate with one another in obtaining the *Final Order* as contemplated herein at the *Fairness Hearing* and will not do anything inconsistent with this *Settlement Agreement* in seeking to obtain the *Final Order*. If the *Court* does not enter the *Final Order*, the *Action* will be dismissed with prejudice and without costs except as expressly provided in this *Settlement Agreement*.

2.2     Condition #2: Dismissal of the *Action*. The *Settlement Agreement* is contingent upon dismissal with prejudice of the *Action* and the expiration of any applicable appeal periods.

2.3     Condition #3: Finality of *Final Order*. The *Settlement* is contingent on the *Final Order* becoming *Final* and the expiration of all appeal periods with respect to the *Final Order*.

2.4     Condition #4: Funding of *Class Settlement Amount*. The *Settlement* is contingent upon funding of the *Class Settlement Amount* as provided for herein. *RITBA* shall deposit $85,000 of the *Class Settlement Amount* into the *Settlement Fund* within ten (10) days after the *Parties* execute this *Settlement Agreement* and shall deposit the balance of the *Class Settlement Amount* into the *Settlement Fund* within ten (10) days of entry of the *Final Order* ("Escrow Account"). No withdrawal from the *Escrow Account* shall be made prior to the *Effective Date* without written consent of *PLDW* and *Plaintiff's Counsel*. The financial institution holding the *Escrow Account* shall confirm in writing that a signature of an authorized attorney of *PLDW* and Stull, Stull & Brody shall be required for any withdrawal prior to the *Effective Date*.

3       **SCOPE OF RELEASES**

3.1     The *Releases* set forth in this Article 3 hereof are not intended to include the release of any rights or duties arising out of this *Settlement Agreement*, including the express warranties and covenants contained herein.

3.2    As of the *Effective Date*, *Plaintiff*, and all members of the Settlement Class, to the fullest extent allowed by law, and by operation of the *Final Order,* shall fully and finally release and be deemed to release and forever discharge the *Released Plaintiff's Claims* against the *Defendant* and *PLDW*.

3.3    As of the *Effective Date*, *Defendant*, to the fullest extent allowed by law, and by operation of the *Final Order,* shall fully and finally release and be deemed to release and forever discharge the *Released Defendant's Claims* against the *Plaintiff, Plaintiffs' Counsel* and all members of the Settlement Class.

3.4    The *Releases* set forth in this *Settlement Agreement*, and as approved by the *Court* as described herein, shall be effective as a bar to any and all currently unsuspected, unknown, partially known or known claims within the scope of the express terms and provisions of the *Released Plaintiff's Claims* and *Released Defendant's Claims*.  Accordingly, *Plaintiff* hereby expressly waives, on her own behalf and on behalf of the *Settlement Class*, and *Defendant* hereby expressly waives, on its own behalf and on behalf of the *Released Parties*, any and all rights and benefits respectively conferred upon them by the provisions of Section 1542 of the California Civil Code, or by any similar, comparable, or equivalent law of any state or territory of the United States with regard to *Released Plaintiff's Claims* and *Released Defendant's Claims*.  Section 1542 reads in pertinent part:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The *Parties* hereby acknowledge that the foregoing waiver of the provisions of Section 1542 of the California Civil Code and any similar, comparable, or equivalent law of any state or territory of the United States, was separately bargained for and that neither *Plaintiff* on the one hand, nor

*Defendant* on the other, would enter into this *Settlement Agreement* unless it included a broad release of all unknown claims. The *Parties* each expressly agree that all release provisions in the *Settlement Agreement* shall be given full force and effect in accordance with each and all of their express terms and provisions, including those terms and provisions relating to unknown, unsuspected or future claims, demands, and causes of action. *Plaintiff* assumes for herself and the *Settlement Class* the respective risk of subsequent discovery or understanding of any matter, fact, or law, that, if now known or understood, would in any respect have affected her and the *Settlement Class* entering into this *Settlement Agreement*. *Defendant* assumes the risk of subsequent discovery or understanding of any matter, fact, or law, that, if now known or understood, would in any respect have affected its entering into this *Settlement Agreement.*

## 4 COVENANTS NOT TO SUE

4.1 *Plaintiff*, individually and on behalf of all *Settlement Class* members, covenants and agrees (i) not to file or maintain against any *Released Party* any claim released under Article 3 hereof, the "*Released Claims*"; and (ii) that the covenants and agreements herein shall be a complete defense to any *Released Claims* against any of the respective *Released Parties*.

4.1.1 *Released Parties* covenant and agree (i) not to file or maintain against any other *Released Party* any *Released Claims*; and (ii) that the covenants and agreements herein shall be a complete defense to any such claims against any of the respective *Released Parties* with respect to the *Released Claims*.

4.2 Cooperation. The *Parties* shall in good faith attempt to address any timely-filed objection to the *Settlement*, including, to the extent reasonably necessary and practicable, by promptly supplying any non-privileged information in their possession that has been reasonably requested.

4.3     Taxation of *Class Settlement Amount*.  *Plaintiff* acknowledges on her own behalf, and on behalf of the *Settlement Class*, that the *Released Parties* have no responsibility for any taxes due on funds once deposited in the *Settlement Fund* or that *Plaintiff's Counsel* receive from the *Settlement Fund*, should any fees and expenses be awarded pursuant to Article 10 hereof. Nothing herein shall constitute an admission or representation that any taxes will or will not be due on the *Settlement Fund*.

## 5     REPRESENTATIONS AND WARRANTIES

5.1     *Plaintiff's* Representations and Warranties.

5.1.1   *Plaintiff* represents and warrants that she has not assigned or otherwise transferred any interest in any *Released Plaintiff's Claims* against any *Released Party*, and further covenants that she will not assign or otherwise transfer any interest in any *Released Plaintiff's Claims*; and

5.1.2   Pursuant to Articles 3 and 4 hereof, *Plaintiff* represents and warrant that upon the occurrence of the *Effective Date* she shall have no surviving claim or cause of action against any of the *Released Parties* with respect to *Released Plaintiff's Claims*.

5.2     *Defendant's* Representations and Warranties.

5.2.1   Pursuant to Articles 3 and 4 hereof, *Defendant* represents and warrants that upon the occurrence of the *Effective Date* it shall have no surviving claim or cause of action against any of the *Plaintiff*, *Plaintiff's Counsel* or members of the *Settlement Class* with respect to *Released Plaintiff's Claims.*

5.3     *Parties*' Representations and Warranties.  The *Parties*, and each of them, represent and warrant:

5.3.1   That they are voluntarily entering into this *Settlement Agreement* as a result of arm's-length negotiations among their counsel, that in agreeing to this *Settlement*

*Agreement* they are relying solely upon their own judgment, belief, and knowledge, and the advice and recommendations of their own independently selected counsel, concerning the nature, extent, and duration of their rights and claims hereunder and regarding all matters that relate in any way to the subject matter hereof; and that, except as expressly provided herein, they have not been influenced to any extent whatsoever in executing this *Settlement Agreement* by any representations, statements, or omissions pertaining to any of the foregoing matters by any *Party* or by any *Person* representing any *Party* to this *Settlement Agreement*. Each of the *Parties* assumes the risk of mistake as to facts or law; and

5.3.2   That they have carefully read the contents of this *Settlement Agreement*, and have freely agreed to the *Settlement*. The *Parties* and each of them further represent and warrant to each other that he, she, or it has made such investigation of the facts pertaining to the *Settlement*, this *Settlement Agreement*, and all of the matters pertaining thereto, as he, she, or it deems necessary; and

5.3.3   That the *Action* was filed by *Plaintiff* and defended by the *Released Parties* in good faith, in accordance with Federal Rule of Civil Procedure 11.

5.4   Signatories' Representations and Warranties. Each individual executing this *Settlement Agreement* on behalf of any *Party* does hereby personally represent and warrant to the other *Parties* that he or she has the authority to execute this *Settlement Agreement* on behalf of, and fully bind, each principal whom such individual represents or purports to represent.

## 6   NO LIABILITY

6.1   The *Parties* understand and agree that this *Settlement Agreement* embodies a compromise settlement of disputed claims, notwithstanding the *Court's Decision* that the RI EZ-Pass Discount Plan is constitutional and in conformance with law. Nothing in this *Settlement Agreement*, including the furnishing of consideration for this *Settlement Agreement*, shall be

deemed to constitute any finding of wrongdoing or liability in this or any other proceeding. This *Settlement Agreement* and the payments made hereunder are made out of a desire to end this proceeding and the *Parties'* risks in connection with any appeals of the Decision. *Defendant* specifically denies any such liability or wrongdoing. Neither the fact nor the terms of this *Settlement Agreement* shall be offered or received in evidence, in any action or proceeding for any purpose, except (i) in an action or proceeding arising under this *Settlement Agreement* or arising out of or relating to the *Preliminary Approval Order* or the *Final Order*, or (ii) in an action or proceeding where the *Releases* or the Covenants Not to Sue provided pursuant to this *Settlement Agreement* may serve as grounds for dismissal or a bar to the prosecution of such action or proceeding as well as to any recovery in such action or proceeding.

6.1.1    *Defendant* has denied and continues to deny that it has committed any act or omission giving rise to any liability and/or violation of law, and is entering into this *Settlement* to eliminate the burden and expense of further litigation and appeals by Plaintiff.

6.1.2    Notwithstanding the *Court's Decision* regarding the constitutionality of the RI EZ-Pass Discount Plan, *Plaintiff* believed she presented meritorious claims on which she would ultimately prevail on appeal, but understands there are obstacles and risks to recovery which she believes warrant the *Settlement*.

## 7    THE SETTLEMENT FUND AND DELIVERIES INTO THE SETTLEMENT FUND

7.1    The *Settlement Fund*.

7.1.1    The *Settlement Fund* shall be created as set forth in Section 2.4 hereof.

7.1.2    The *Settlement Fund* shall include interest earned thereon, for the benefit of *Plaintiff* and the *Settlement Class*, and shall be invested only in short-term United States Agency or Treasury securities or in a fully U.S. Government-insured account. The *Parties* agree

that the *Settlement Fund* is intended to be a Qualified Settlement Fund under Section 468B of the Internal Revenue Code and Treasury regulations promulgated thereunder. The *Parties* agree that the *Settlement Fund* will not make, and *Class Counsel* will not make on the *Settlement Fund's* behalf, an election under Treasury Regulation § 1.468B-l(k), pursuant to which the *Settlement Fund* would be treated as a grantor trust for federal income tax purposes. Accordingly, all taxes on the income of the *Settlement Fund* and tax-related expenses incurred in connection with the taxation of the *Settlement Fund*, if any, shall be paid out of the *Settlement Fund*.

7.1.3　All reasonable fees and expenses, including reasonable fees and expenses incurred by the Settlement Administrator or any other third-party vendor for calculation, allocation, and distribution pursuant to the *Plan of Allocation*, and providing support, such as the hosting of the *Settlement Website* and call line, will be paid from the *Settlement Fund*, subject to the provisions of Article 8 hereof.

7.1.4　All reasonable fees and expenses, including (i) reasonable expenses associated with the preparation and filing of all tax reports and tax returns required to be filed by the *Settlement Fund*; (ii) payment of taxes, if any, owed by the *Settlement Fund*; (iii) expenses associated with the preparation and issuance of any required Forms 1099 associated with payments from the *Settlement Fund*; and (iv) fees charged and expenses incurred by the *Escrow Agent* associated with administration of the *Settlement Fund*, will be paid from the *Settlement Fund*, subject to the provisions of Article 8 hereof.

7.2　Sole Monetary Contribution. Except as provided in Section 2.4, the *Class Settlement Amount* shall be the full and sole monetary contribution made by or on behalf of *Defendant* in connection with the *Settlement* effected between *Plaintiff* and *Defendant* under this *Settlement Agreement*. *Defendant* shall not make any other monetary contribution for any costs,

expenses, attorneys' fees or other amount associated with or related to the *Action* or *Settlement*. Under no circumstances shall *Defendant's* liability exceed the amount of the *Class Settlement Amount*. *RITBA* shall have no responsibility or obligation with respect to the *Settlement Website* or the administration of the *Settlement Fund*.

7.3    All funds held by the *Escrow Agent* shall remain subject to the jurisdiction of the *Court* until such time as such funds shall be distributed or returned to the party or parties paying the same pursuant to this *Settlement Agreement* and/or further order(s) of the *Court*.

## 8    PAYMENTS FROM THE SETTLEMENT FUND

8.1    Except for up to $4,000 payable to the ITF Group (Defendant's consultant) ("ITF Fee"), *Defendant* and its counsel shall not charge any fees or expenses to the *Settlement Fund*. Except as otherwise described or provided for herein, all other costs relating to the *Settlement* shall be borne by the *Party* that incurred them.

8.2    *Settlement Expenses*. *Settlement Expenses* are (i) any and all reasonable costs and expenses borne by the *Settlement Administrator* charged to the *Settlement Fund* that are related to the administration of the *Settlement* and not otherwise expressly provided for herein; (ii) the reasonable costs and expenses borne by the *Settlement Administrator* regarding the notice and administration of carrying out the *Plan of Allocation* incident to this *Settlement*; (iii) the ITF Fee; and (iv) any reasonable costs relating to the issuance of *Class Notice*, excluding the expenses borne by *RITBA* of providing the *Settlement Administrator* or other noticing agent retained by *Class Counsel* with a list of the names, last known physical addresses and email addresses, and obligation amounts of members of the *Settlement Class* in a sortable electronic format and responding to reasonable requests as provided in Section 2.1.3. All *Settlement Expenses* (including those described in Section 7.1.3) shall be paid from the *Settlement Fund* prior to the distribution of the *Settlement Proceeds*. Prior to the *Effective Date*, *Plaintiff's Counsel* may pay

from the *Escrow Account* the reasonable and actual *Settlement Expenses* up to $85,000 with PLDW's prior approval but without further order of the *Court*. Payment of additional *Settlement Expenses* shall be subject to prior approval by *PLDW*, not to be unreasonably withheld. Any dispute concerning whether a failure to provide approval was reasonable shall be submitted to the *Court*. With respect to taxes, if any, after remittance of the *Settlement Proceeds*, the *Settlement Class* members are responsible for any and all tax liabilities arising from each of their distributions or withdrawals. *Defendant* makes no representation or warranty with respect to the tax treatment of any *Plaintiff* or *Settlement Class* member regarding any distribution or withdrawal of the *Settlement Proceeds*. All other fees and costs relating to the *Settlement* shall be borne by the *Party* that incurred them, or her, or its insurer or indemnitor, and shall not be paid from the *Settlement Fund*.

8.3     Disbursements from the *Settlement Fund*. *Class Counsel* shall direct the disbursement of money from the *Settlement Fund*, which shall be the sole source of all awards for the *Settlement Class*, and fees and expenses for *Plaintiff's Counsel*, as follows:

8.3.1   For Taxes and Expenses of the *Settlement Fund*. As provided in Section 7.1.2 hereof.

8.3.2   For the *Plan of Allocation*. *Class Counsel* shall propose to the *Court* a *Plan of Allocation*, and may propose to the *Court* an amended *Plan of Allocation*. *RITBA* will, without any charge other than the ITF Fee, consult with and provide *Class Counsel* with any reasonable information to ascertain the administrability of any *Plan of Allocation* being considered by *Class Counsel*. *Defendant* and its successors-in-interest shall have no liability in the event of any action or failure to act by any entity with respect to the creation, calculation, or implementation of the *Plan of Allocation*.

8.3.3   For Attorneys' Fees and Expenses.  As provided in Section 10.1 hereof, *Class Counsel* will direct payment to *Plaintiff's Counsel* of any *Court*-approved award of attorneys' fees and expenses and *Case Contribution Award* from the *Settlement Fund*, which shall be *Plaintiff's Counsel's* sole source of recourse for payment of its attorneys' fees and expenses.

## 9    TERMINATION OF THE SETTLEMENT AGREEMENT

9.1    Termination.  Unless *Plaintiff* and *Defendant* otherwise agree in writing, the *Settlement* and this *Settlement Agreement* shall be deemed terminated thirty (30) days after any of the following occurs:

9.1.1   If the *Court* refuses to approve this *Settlement Agreement* or any material part of it;

9.1.2   If the *Court* declines to enter the *Preliminary Approval Order* in any material respect;

9.1.3   If the *Court* declines to enter the *Final Order* in any material respect;

9.1.4   The date upon which the *Final Order* is modified or reversed in any material respect by the United States Court of Appeals for the First Circuit or the Supreme Court of the United States and such modification is no longer appealable, unless waived by the *Parties*;

9.1.5   The date upon which an alternative judgment is modified or reversed in any material respect by the United States Court of Appeals for the First Circuit or the Supreme Court of the United States and such modification is no longer appealable, unless waived by the Parties; or

9.1.6   If any of the conditions of Article 2 of this *Settlement Agreement* are not fully satisfied or waived in accordance with their terms;

9.1.7   The *Court* determines that the *Effective Date* cannot occur.

9.2    Consequences of Termination of the *Settlement Agreement*.  If the *Settlement Agreement* is terminated and rendered null and void for any reason specified in Section 9.1 hereof, the following shall occur:

9.2.1    The *Action* shall for all purposes with respect to the *Parties* be dismissed with prejudice and without costs except as expressly provided in this *Settlement Agreement*.

9.2.2    All provisions of this *Settlement Agreement* and any subsequently related documents shall be null and void having no effect, and the *Action* will for all purposes with respect to the *Parties* and the *Settlement Class* be dismissed with prejudice.  Neither the fact nor the terms of this *Settlement Agreement* shall be offered or received in evidence in any action or proceeding for any purpose.

9.2.3    Upon receipt of written notice from *RITBA*, the *Escrow Agent* will return the *Settlement Fund* to *Defendant* or its designees within ten (10) business days, together with interest actually earned thereon and less any *Agreed Expenses*.  *Agreed Expenses* are any taxes on the *Settlement Fund* as described in Section 7.1.2 and the reasonable costs of notice as described in Section 2.1.3 of this *Settlement Agreement* incurred up to and including the date of receipt of written notice from *RITBA* by the *Escrow Agent*.  It is expressly understood and agreed that *Agreed Expenses* do not include attorneys' fees and expenses under Sections 8.2.1 and 8.2.4, respectively, or anything else other than taxes and costs of notice and administration as described in Sections 7.1.2, 8.1, 8.2 and 2.1.3, respectively.

**10    ATTORNEYS' FEES AND EXPENSES**

10.1    Application for Attorneys' Fees and Expenses and *Case Contribution Award*. *Plaintiff* and her counsel may apply to the *Court* for, and shall be entitled to receive, reimbursement of reasonable costs and expenses from *Settlement Fund* after the *Effective Date*. *Plaintiff's Counsel* shall petition the *Court* for an award of attorneys' fees not to exceed 30% of

the *Settlement Fund,* and for reimbursement of reasonable costs and expenses. All approved fees and expenses shall be payable to *Class Counsel* on the *Effective Date* as approved by the *Court*. *Class Counsel* may also apply to the *Court* for a *Case Contribution Award* to the *Plaintiff*, to be paid from the *Settlement Fund* as consideration for her time and effort devoted to the prosecution of the *Action* in an amount up to $3,000.00. *Defendant* takes no position on Class Counsel's request for attorneys' fees and expenses or the application for a *Case Contribution Award* to *Plaintiff*, provided that the Case Contribution Award application does not exceed $3,000.

10.2    Post-Award Expenses.  *Class Counsel* may make a supplemental application to the *Court* for an award of reasonable costs and expenses (but not attorneys' fees) with respect to post-*Settlement* proceedings and administration, and any such award shall be solely payable from the *Settlement Fund*.

## 11    MISCELLANEOUS PROVISIONS

11.1    Governing Law.  This *Settlement Agreement* shall be governed by the laws of the state of Rhode Island without giving effect to the conflict of laws or choice of law provisions thereof, except to the extent that the laws of the United States governs any matter set forth herein, in which case such federal law shall govern.

11.2    Severability.  The provisions of this *Settlement Agreement* are not severable, except that in the event that any court with original or appellate jurisdiction over this *Action* issues a *Final* determination that any portion of Section 3.1 hereof is not enforceable, the *Parties* may (but shall not be required to) jointly agree in writing to modify Section 3.1 to conform with such determination.  Further, in the event that the *Court* or any court with appellate jurisdiction over this *Action* declines to award attorneys' fees and expenses in the amount sought by *Class Counsel* or to award a *Case Contribution Award* in the amount sought by *Plaintiff*, such decision shall not provide cause for *Plaintiff* to withdraw, void or nullify this *Settlement Agreement*.

11.3     Amendment.  Before entry of the *Final Order*, the *Settlement Agreement* may be modified or amended only by written agreement signed by or on behalf of all *Parties* with notice to be given to the *Court* of the agreed modification or amendment.  Following entry of the *Final Order*, the *Settlement Agreement* may be modified or amended only by written agreement signed on behalf of all *Parties* and approved by the *Court*.

11.4     Waiver.  The provisions of this *Settlement Agreement* may be waived only by an instrument in writing executed by the waiving *Party*.  The waiver by any *Party* of any breach of this *Settlement Agreement* shall not be deemed to be or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this *Settlement Agreement*.

11.5     Construction.  None of the Parties hereto shall be considered to be the drafter of this *Settlement Agreement* or any provision hereof for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

11.6     Principles of Interpretation.  The following principles of interpretation apply to this *Settlement Agreement*:

11.6.1 Headings.  The headings of this *Settlement Agreement* are for reference purposes only and do not affect in any way the meaning or interpretation of this *Settlement Agreement*.

11.6.2 Singular and Plural.  Definitions apply to the singular and plural forms of each term defined.

11.6.3 Gender.  Definitions apply to the masculine, feminine, and neuter genders of each term defined.

11.6.4 References to a Person.  References to a *Person* are also to the *Person's* estate, heirs, and permitted successors and assigns.

11.6.5 Terms of Inclusion.  Whenever the words "include," "includes," or "including" are used in this *Settlement Agreement*, they shall not be limiting but rather shall be deemed to be followed by the words "without limitation."

11.7    Further Assurances.  Each of the Parties agrees, without further consideration and as part of finalizing the *Settlement* hereunder, that they will in good faith execute and deliver such other documents and take such other actions as may be necessary to consummate and effectuate the subject matter and purpose of this *Settlement Agreement*.

11.8    Survival.  All representations, warranties, and covenants set forth in this *Settlement Agreement* shall be deemed continuing and shall survive the *Effective Date* of this *Settlement Agreement*.

11.9    Notices.  Any notice, demand, or other communication to any *Party* under this *Settlement Agreement* (other than the *Class Notice*, or other notices given at the direction of the *Court*) shall be in writing and shall be deemed duly given upon receipt if it is addressed to each of the intended recipients as set forth below (or to such different address as may be provided in writing) and delivered, by registered or certified mail (postage prepaid), by confirmed facsimile or email, or by reputable express overnight courier:

IF TO PLAINTIFF:
STULL, STULL & BRODY
Jules Brody
Patrick Slyne
6 East 45th Street
New York, NY 10017
Tel:  (212) 687-7230
Fax: (212) 490-2022
jbrody@ssbny.com
pkslyne@ssbny.com

IF TO DEFENDANT
PANNONE LOPES DEVEREAUX & WEST LLC
William E. O'Gara
Brian J. Lamoureux
317 Iron Horse Way, Suite 301
Providence, RI  02908
Tel:  (401) 824 5100
Fax: (401) 824 5123
wogara@pldw.com
bjl@pldw.com

11.10 Entire Agreement. This *Settlement Agreement* contains the entire agreement among the *Parties* relating to this *Settlement*.

11.11 Counterparts. This *Settlement Agreement*, and any amendments thereto, and waivers of conditions, may be executed by exchange of faxed or electronically mailed executed signature pages, and any signature transmitted by facsimile or electronic mail for the purpose of executing this *Settlement Agreement* shall be deemed an original signature for purposes of this *Settlement Agreement*. This *Settlement Agreement* may be executed in two or more counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument.

11.12 Binding Effect. This *Settlement Agreement* binds and inures to the benefit of the *Parties* hereto, their assigns, heirs, administrators, executors, and successors.

11.13 *Agreement Execution Date*. The date on which the last signature is affixed below shall be the *Agreement Execution Date*.

IN WITNESS WHEREOF, the *Parties* have executed this *Settlement Agreement* on the dates set forth below.

ON BEHALF OF THE PLAINTIFF:

By: _____  *12/12/2014*

Stephen R. White
LAW OFFICES OF STEPHEN R. WHITE
PO Box 427
West Kingston, RI 02892
Tel: (401) 732-3939
steve@srwesq.com

STULL, STULL & BRODY
Jules Brody
Patrick Slyne
6 East 45th Street
New York, NY 10017
Tel: (212) 687-7230
Fax: (212) 490-2022
jbrody@ssbny.com
pkslyne@ssbny.com

Counsel for Plaintiff Isabel S. Cohen
and Settlement Class Counsel

ON BEHALF OF THE DEFENDANT:

By: _____

PANNONE LOPES DEVEREAUX & WEST LLC
William E. O'Gara
Brian J. Lamoureux
317 Iron Horse Way, Suite 301
Providence, RI 02908
Tel: (401) 824 5100
Fax: (401) 824 5123
wogara@pldw.com
bjl@pldw.com

Attachments:

Exhibit 1:     Preliminary Approval Order

     Exhibit A to Preliminary Approval Order: Long-Form Notice

     Exhibit B to Preliminary Approval Order: Email Notice

     Exhibit C to Preliminary Approval Order: Mail Notice

     Exhibit D to Preliminary Approval Order: Publication Notice

Exhibit 2:     Final Order

Exhibit 3:     Plan of Allocation

Exhibit 1:    Preliminary Approval Order

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ISABEL S. COHEN, on Behalf of Herself
and All Others Similarly Situated,

                Plaintiff,

    v.

RHODE ISLAND TURNPIKE AND
BRIDGE AUTHORITY,

                Defendant.

C.A. No. 09-153 S

**PRELIMINARY ORDER FOR NOTICE AND HEARING IN CONNECTION
WITH CLASS ACTION SETTLEMENT PROCEEDINGS**

      **WHEREAS**, on October __, 2014, the Parties to the above-entitled Action (the "Action")

entered into a Stipulation and Class Action Settlement Agreement (the "Settlement Agreement")

which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which,

together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement

of the claims alleged in the Complaint on the merits and with prejudice; and the Court having

read and considered the Settlement Agreement and the accompanying documents; and the parties

to the Settlement Agreement having consented to the entry of this Order; and the Court having

held extensive oral hearings with the Parties concerning the matters addressed herein, and all

capitalized terms used herein having the meanings defined in the Settlement Agreement;

      **NOW, THEREFORE, IT IS HEREBY ORDERED**, this _____ day of

_____, 2014 that:

      1.      The Court preliminarily finds that (i) the proposed Settlement resulted from

extensive arm's-length negotiations, including negotiations assisted by Magistrate Judge David

L. Martin, (ii) the Settlement Agreement was executed only after Plaintiff's Counsel had

conducted appropriate investigation and discovery regarding the strengths and weaknesses of

Plaintiff's claims, (iii) Plaintiff's Counsel has concluded that the proposed Settlement is fair,

reasonable, and adequate, and (iv) the proposed Settlement is sufficiently fair, reasonable, and

adequate to warrant sending notice of the proposed Settlement to the Settlement Class.  Having

considered the essential terms of the Settlement under the recommended standards for

preliminary approval of settlements as set forth in relevant jurisprudence, the Court finds that

those whose claims would be settled, compromised, dismissed, and/or released pursuant to the

Settlement should be given notice and an opportunity to be heard in the manner most reasonably

practicable under the circumstances regarding final approval of the Settlement and other matters,

as ordered below.

2.      Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and

for the purposes of the Settlement only, this Action is hereby preliminarily certified (subject to

review and final certification at the Settlement Fairness Hearing) as a class action on behalf of

"all persons who were non-Rhode Island residents during the Settlement Class Period and who

during the Settlement Class Period paid tolls to cross the Newport Bridge using an EZ-Pass,

FastLane or other comparable system, and who did not receive the discount given to Rhode

Island residents pursuant to the RI EZ-Pass Discount Plan."  The Court finds, for the purposes of

the Settlement only, and subject to review and final certification at the Settlement Fairness

Hearing, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal

Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class members

is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law

and fact common to the Settlement Class; (c) the claims of the named representative is typical of

the claims of the Settlement Class she seeks to represent; (d) the Plaintiff fairly and adequately represents the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Plaintiff Isabel S. Cohen is certified as Settlement Class Representative.

4.      A hearing (the "Settlement Fairness Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on _____, 2015, at ___:_____ __ .m. for the following purposes:

(a)     to determine finally whether the Settlement Class in this Action satisfies the applicable prerequisites for class action treatment under Rules 23(a) and (b) of the Federal Rules of Civil Procedure;

(b)     to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c)     to determine whether the Order and Final Judgment as provided under the Settlement Agreement should be entered, dismissing the Complaint filed in this case, on the merits and with prejudice, and to determine whether the release by the Settlement Class of the Released Claims, as set forth in the Settlement, should be provided to the Released Parties;

(d)     to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable, and should be approved by the Court;

(e)     to consider Plaintiff's Counsel's application for an award of attorneys' fees and expenses;

(f)    to consider the Plaintiff's application for a $3,000.00 Case Contribution Award, and

(g)    to rule upon such other matters as the Court may deem appropriate.

5.    The Court reserves the right to approve the Settlement Agreement with or without modification and with or without further notice of any kind.  The Court further reserves the right to enter its Order and Final Judgment approving the Settlement Agreement and dismissing the Complaint on the merits and with prejudice regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

6.    The Court approves the form, and substance of the Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice") and the Proof of Claim form, annexed hereto as Attachments 1 and 2, respectively.

7.    The Court approves the appointment of _____ as the Claims Administrator.  The Claims Administrator shall cause the Notice, substantially in the forms annexed hereto, to be emailed and/or mailed by first class mail, postage prepaid, within ten (10) business days of the entry of this Order, to all Class Members who can be identified with reasonable effort.  To the extent it has not already done so, Defendant RITBA shall use reasonable efforts to provide the Settlement Administrator or other noticing agent retained by Class Counsel, within thirty (30) calendar days of the execution of the Settlement Agreement, the names and last known addresses and or email addresses of the Settlement Class in electronic format, and timely thereafter to respond to any reasonable written requests for accessible data in Defendant RITBA's custody or control necessary to effectuate notice and to implement, enforce, or determine the administration of a plan of allocation and amounts to be allocated pursuant to

the Plan of Allocation. Additional copies of the Notice shall be made available to any Settlement Class Members by the Claims Administrator as requested. Plaintiff's Class Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of emailing or mailing of the Notice. The Claims Administrator shall post a copy of the Settlement Agreement, including copies of all the exhibits to the Stipulation, on a Settlement Website identified in the Notice.

8. The Court approves the form of Publication Notice of the pendency of this class action and the proposed settlement in substantially the form and content annexed hereto as Attachment 3 and directs that Plaintiff's Class Counsel shall cause the Publication Notice to be published in the national edition of <u>The USA Today</u> once within ten days of the emailing and/or mailing of the Notice. Plaintiff's Class Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of publication of the Published Notice.

9. The form and content of the Notice, and the method set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

10. Settlement Class Members requesting exclusion from the Settlement Class shall not be entitled to receive any payment out of the Settlement Fund under the Plan of Allocation as described in the Notice.

11. The Court will consider objections to the Settlement, the Plan of Allocation, award of attorneys' fees and reimbursement of expenses or Case Contribution Award only if such objections and any supporting papers are filed with the Clerk of the Court, United States District Court, District of Rhode Island, Federal Building and Courthouse, One Exchange

Terrace, Providence, Rhode Island 02903, and copies of all such papers are served, on or before

_____, 2015, upon each of the following: Patrick Slyne, Esq., Stull, Stull & Brody, 6

East 45th Street, New York, New York 10017, on behalf of the Plaintiff Isabel S. Cohen and

Brian Lamoureux. Esq., Pannone Lopes Devereaux & West LLC, 317 Iron Horse Way, Suite

301 Providence, RI 02908, on behalf of the Defendant RITBA. Attendance at the hearing is not

necessary; however, persons wishing to be heard orally in opposition to the approval of the

Settlement, the Plan of Allocation, the request for attorneys' fees and/or Plaintiff's Case

Contribution Award are required to indicate in their written objection their intention to appear at

the hearing. Persons who intend to object to the Settlement, the Plan of Allocation, counsel's

application for an award of attorneys' fees and expenses and/or Plaintiff's Case Contribution

Award and desire to present evidence at the Settlement Fairness Hearing must include in their

written objections the identity of any witnesses they may call to testify and exhibits they intend

to introduce into evidence at the Settlement Fairness Hearing. Settlement Class Members do not

need to appear at the hearing or take any other action to indicate their approval of the Settlement.

12.     As provided in the Settlement Agreement, RITBA shall deposit $85,000 of the

Class Settlement Amount into the Settlement Fund within ten (10) days after the Parties execute

this Settlement Agreement. Plaintiff's Class Counsel may pay from the Settlement Fund to the

Claims Administrator the reasonable fees and costs associated with giving notice to the

Settlement Class and the review of claims and administration of the Settlement out of the Gross

Settlement Fund without further order of the Court. Plaintiff will not be required to return such

reasonable fees and costs associated with notices returned in the event the Settlement is not

consummated.

13.     If any specified condition to the Settlement set forth in the Settlement Agreement is not satisfied and Plaintiff's Class Counsel or Counsel for the Defendant elects to terminate the Settlement , then, in any such event, the Settlement Agreement, including any amendment(s) thereof, and this Preliminary Order certifying the Settlement Class and the Class Representative for purposes of the Settlement shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and this case shall be dismissed with prejudice and without costs.

14.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated:          Providence, Rhode Island
                _____, 2014


                                        _____
                                        Honorable William E. Smith
                                        CHIEF UNITED STATES DISTRICT JUDGE

Exhibit A & Attachment 1 to Preliminary Approval
Order: Long-Form Notice

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ISABEL S. COHEN, on Behalf of Herself and All Others Similarly Situated,<br><br>                 Plaintiff,<br><br>   v.<br><br>RHODE ISLAND TURNPIKE AND BRIDGE AUTHORITY,<br><br>                 Defendant. | C.A. No. 09-153 S |

## NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT, MOTION FOR ATTORNEYS' FEES AND SETTLEMENT FAIRNESS HEARING

**If you were a non-Rhode Island resident who during December 16, 2008 through and including April 7, 2011 (the "Settlement Class Period"), paid tolls to cross the Newport/Claiborne Pell Bridge ("Newport Bridge") using an EZ-Pass, FastLane or other comparable system (your "Transponder(s)"), and did not receive the discount given to Rhode Island residents pursuant to the RI EZ-Pass Discount Plan ("Resident Discount Plan"), then you could might be entitled to funds from a class action settlement.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- The settlement will provide a $906,151.98 Settlement Amount plus accruing interest for the benefit of Settlement Class Members who were non-Rhode Island residents at any time during the Settlement Class Period and who, during the Settlement Class Period, paid tolls to cross the Newport Bridge using a Transponder, and did not receive the discount given to Rhode Island residents pursuant to the RI EZ-Pass Discount Plan.

- The settlement resolves a lawsuit which alleged that the Rhode Island Turnpike and Bridge Authority ("RITBA") toll schedule that offered certain discounted rates only to Rhode Island residents violated the U.S. Constitution.

- Your legal rights are affected whether you act or do not act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **YOU MUST SUBMIT A CLAIM FORM IF:** | (a) your transponder(s) used to pay the Newport Bridge toll was/were issued by Massachusetts Department of Transportation ("MassDOT") and is/are no longer associated with an active MassDOT account; |

| | (b) whether or not your Transponder(s) was/were issued by MassDOT, if you used more than one Transponder to pay the Newport Bridge toll; or<br><br>(c) your Transponder(s) used to pay the Newport Bridge toll was/were <u>not</u> associated with your name and physical address. |
|---|---|
| **EXCLUDE YOURSELF** | Get no payment.  This is the only option that allows you to ever be part of any other lawsuit against the Defendant and the other Released Parties about the Released Claims.  You will not be able to get a payment from the Settlement if you exclude yourself. |
| **OBJECT** | Write to the Court about why you do not like the Settlement. |
| **GO SPEAK AT A HEARING** | Ask to speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | If a filing a Claim Form is necessary to receive funds from the Settlement and you do nothing, you will give up rights.  You may nevertheless receive a distribution (if you are entitled to one) based upon account records for each of your Transponder(s) that were obtained by Plainitff's counsel in this litigation.<br><br>Also, if you do nothing, your rights to sue Released Parties about the Released Claims will be relinquished. |

- These rights and options - **and the deadlines to exercise them** - are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after appeals, if any, are resolved.  Please be patient.

## <u>SUMMARY NOTICE</u>

<u>Statement of Plaintiff Recovery</u>

Pursuant to the settlement described herein, a Settlement Fund consisting of $ 906,151.98 in cash, plus interest, has been established.  There were 410,406 transponders registered to non-Rhode Island addresses and charged the non-Rhode Island resident Newport Bridge toll rate during the Settlement Class Period.  Your Recognized Claim will be calculated based upon25% of the difference between the non-resident toll rate paid and the RI EZ-Pass Discount Plan toll rate for each Newport Bridge crossing during the Settlement Class Period.  To receive a

distribution, your Recognized Claim must be equal to or greater than $5.00. Your Recognized Claim may be adjusted upwards or downwards depending on, among other things, the number and amount of claims filed.

<u>Statement of Potential Outcome of Case</u>

The parties disagreed on liability and damages. Defendant RITBA denies that it is liable to the Plaintiff or the Settlement Class and denies that Plaintiff or the Settlement Class has suffered any damages. If, however, Plaintiff was to prevail and recover 100% of the difference of the difference between the non-resident toll rate paid and the RI EZ-Pass Discount Plan toll rate for each Newport Bridge crossing during the Settlement Class Period, that amount would equal $3,624,607.92

<u>Statement of Attorneys' Fees and Costs Sought</u>

Plaintiffs' Counsel are moving the Court to award attorneys' fees not to exceed thirty percent (30%) of the Settlement Fund, and for reimbursement of litigation expenses incurred in connection with the prosecution of this Action in the approximate amount of $[xx,xxx] (excluding any estimated costs of providing notice to the members of the Class and the processing of the Proofs of Claim and administration of the Settlement). Plaintiff's Counsel have expended considerable time and effort in the prosecution of this litigation on a contingent fee basis, and have advanced or incurred the expenses of the litigation, in the expectation that if they were successful in obtaining a recovery for the Class they would be paid from such recovery. In this type of litigation it is common for counsel to be awarded a percentage of the common fund recovery as their attorneys' fees. Plaintiff's counsel will make its motion papers in support of its request for attorneys' fees and expenses available at the following website (www.xxxxxxx.com) at least 14 days before the objection deadline noted below.

<u>Further Information</u>

Further information regarding the Action and this Notice may be obtained by contacting Plaintiff's Counsel: Jason D'Agnenica Esq., Stull, Stull & Brody, 6 East 45th Street, New York, New York 10017, Telephone: (212) 687-7230.

<u>Reasons for the Settlement</u>

A principal reason for the settlement is the cash benefit to be provided to the Class now. This benefit must be compared to the risk that no recovery might be achieved after an appeal, if successful, and a contested trial and likely additional appeals, possibly years into the future. On April 7, 2011, the Court granted a motion for summary judgment filed by the Defendant finding in summary that the difference in resident and non-resident toll rates was not unconstitutional and therefore, there had been no wrongdoing. In order for a recovery to be had other than the settlement, Plaintiff would have to abandon the settlement and successfully appeal the April 7, 2011 ruling and then re-present her case to the Court.

**[END OF COVER PAGE]**

| WHAT THIS NOTICE CONTAINS |
| --- |

## Table of Contents

**Page**

SUMMARY NOTICE ....................................................................................................2

    Statement of Plaintiff Recovery ..........................................................................2

    Statement of Potential Outcome of Case ............................................................3

    Statement of Attorneys' Fees and Costs Sought ................................................3

    Further Information ..............................................................................................3

    Reasons for the Settlement ..................................................................................3

BASIC INFORMATION ..............................................................................................6

    1.    Why did I get this notice package? ........................................................6

    2.    What is this lawsuit about? .....................................................................6

    3.    Why is this a class action? .....................................................................6

    4.    Why is there a settlement? .....................................................................7

WHO IS IN THE SETTLEMENT ................................................................................8

    5.    How do I know if I am part of the settlement? .......................................8

    6.    Are there exceptions to being included? .................................................9

    7.    What if I am still not sure if I am included? ..........................................9

THE SETTLEMENT BENEFITS — WHAT YOU GET ..............................................9

    8.    What does the settlement provide? ........................................................9

    9.    How much will my payment be? ............................................................9

HOW YOU GET A PAYMENT — SUBMITTING A CLAIM FORM ......................9

    10.    How can I get a payment? ......................................................................9

    11.    When would I get my payment? ...........................................................10

4

12.    What am I giving up to get a payment or stay in the Class?......................10

EXCLUDING YOURSELF FROM THE SETTLEMENT.....................................................11

13.    How do I get out of the proposed settlement? ...........................................11

14.    If I do not exclude myself, can I sue the Defendants and the other Released Parties for the same thing later? .................................................11

15.    If I exclude myself, can I get money from the proposed settlement?........11

THE LAWYERS REPRESENTING YOU ......................................................................12

16.    Do I have a lawyer in this case?................................................................12

17.    How will the lawyers be paid?..................................................................12

OBJECTING TO THE SETTLEMENT ..........................................................................12

18.    How do I tell the Court that I do not like the proposed settlement? ..........12

19.    What is the difference between objecting and excluding?.........................13

THE COURT'S FAIRNESS HEARING ........................................................................13

20.    When and where will the Court decide whether to approve the proposed settlement?...............................................................................13

21.    Do I have to come to the hearing? ............................................................13

22.    May I speak at the hearing? .....................................................................14

IF YOU DO NOTHING ...........................................................................................14

23.    What happens if I do nothing at all? .........................................................14

GETTING MORE INFORMATION..............................................................................14

24.    Are there more details about the proposed settlement? .............................14

25.    How do I get more information?................................................................15

PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS ...........................................................................................................15

SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES .......................15

# BASIC INFORMATION

---

**Why did I get this notice package?**

---

Your Transponder was charged a non-Rhode Island resident toll rate to cross the Newport Bridge during December 16, 2008 through and including April 7, 2011, the Settlement Class Period.

The Court directed that this Notice be sent to Settlement Class members because they have a right to know about a proposed settlement of this class action lawsuit, and about all of their options, before the Court decides whether to approve the settlement. If the Court approves the settlement, and after objections and appeals, if any, are resolved, administrator(s) approved by the Court will make the payments that the settlement and Plan of Allocation allows.

This package explains the lawsuit, the settlement, Settlement Class members' legal rights, what benefits are available, who is eligible for them, and how to get them.

The case was filed in the United States District Court for the District of Rhode Island and is known as *Isabel S. Cohen v. Rhode Island Turnpike and Bridge Authority*, C.A. No. 09-153 S (D. R.I.). The person who sued is called the plaintiff, and the entity the plaintiff sued, Rhode Island Turnpike and Bridge Authority, or RITBA, is called the Defendant.

---

**What is this lawsuit about?**

---

On March 27, 2009, Plaintiff filed a class action complaint ("Complaint") on behalf of herself and all others similarly situated against RITBA in the United States District Court for the District of Rhode Island.

Beginning December 16, 2008, when RITBA instituted its RI EZ-Pass Discount Plan, Rhode Island residents who paid the Newport Bridge toll with a Rhode Island transponder were charged $0.83 per crossing and non-Rhode Island residents with otherwise identical vehicles were charged $1.75 per crossing (2.11 times more than the Rhode Island resident toll rate). The Complaint alleges that the difference in toll rates violated the U.S. Constitution because RITBA restricted participation in the RI EZ-Pass Discount Plan solely to Rhode Island residents.

---

**Why is this a class action?**

---

In a class action, one or more plaintiffs (here Isabel S. Cohen) sue on behalf of those persons who have similar claims. All these people may form a class and become class members. Bringing a case, such as this one, as a class action allows resolution of a case on a class-wide basis where the claims of many individuals might be too small to bring in individual actions. One court resolves the common issues for all class members, except for those who exclude themselves from the class.

After Plaintiff's counsel conducted an investigation of potential claims, on March 27, 2009, through counsel, Plaintiff filed a class action Complaint on behalf of herself and all others similarly situated against RITBA in the United States District Court for the District of Rhode Island.

The Complaint sought, among other things, a judgment in favor of the Plaintiff and the Class that: RITBA's RI EZPass Discount Plan was unconstitutional as written and/or as applied; a refund of all unconstitutionally collected toll monies paid by non-Rhode Island residents to RITBA, and; imposition of a constructive trust to ensure all unconstitutionally collected amounts could be traced and returned to the persons who paid them.

On April 20, 2009, RITBA timely filed an answer to the Complaint ("Answer"). In its Answer, among other things, RITBA asserted that the Complaint failed to state a claim upon which relief could be granted and denied that it's RI EZ-Pass Discount Plan or Newport Bridge toll schedule were unconstitutional. RITBA sought judgment in its favor together with costs and attorney's fees.

During the pendency of the Action, , Plaintiff's Counsel analyzed evidence adduced during discovery and researched the applicable law with respect to the claims of Plaintiff and the Class against the Defendant and the potential defenses thereto.

On January 22, 2010, the Action was referred to Magistrate Judge David L. Martin for settlement conference pursuant to a Notice Of Settlement Conference and Settlement Conference Order (Settlement Conference Order).

As instructed by the Settlement Conference Order, the parties each exchanged and delivered Settlement Conference Statements to Magistrate Judge Martin. Thereafter, counsel for both parties, each with full authority to negotiate and settle the Action, appeared at a March 17, 2010 Settlement Conference and presented the factual and legal highlights of their case, respectively, to Magistrate Judge Martin.

At the Settlement Conference, both the Plaintiff and Defendant stood firm in their respective positions. Plaintiff maintained that RITBA's toll schedule was unconstitutional, discriminated against non-Rhode Island residents and the excess tolls over and above the Rhode Island toll rate should be repaid by RITBA to the Plaintiff and the Class. RITBA maintained that its toll schedule complied with the law no amount of the tolls charged over the Rhode Island resident rate need be repaid to Plaintiff or the Class.

In order to settle the Action, it was agreed at the Settlement Conference that both the Plaintiff and the Defendant would file a motion for summary judgment to be decided by Judge William E. Smith and that if Judge Smith ruled in favor of Plaintiff's motion for summary judgment, RITBA would repay 75% of the excess toll to Plaintiff and the Class and on the other hand, if the Judge Smith ruled in favor of Defendant's motion for summary judgment, RITBA would repay 25% of

the excess toll to Plaintiff and the Class. It was further agreed in context of moving forward with a settlement under that structure, neither the Plaintiff nor RITBA would not appeal Judge Smith's ruling on the summary judgment motions.

On April 17, 2010, Plaintiff moved for certification of the Action as a class action, the appointment of Isabel S. Cohen as class representative and the appointment of Plaintiff's counsel as lead counsel. In response, on April 19, 2010, RITBA filed a Limited Statement of No Objection to Plaintiff's Motion for Class Certification.

On April 28, 2010, the Court issued an Ordered that, among other things, granted Plaintiff's Motion for Class Certification, certified Isabel S. Cohen as Class Representative and certified the class as consisting of: "all non-Rhode Island residents who paid tolls to cross the Newport/Claiborne Pell Bridge using an E-ZPass, FastLane or other comparable system, and who did not receive the discount given to Rhode Island residents pursuant to the RI E-ZPass Discount Plan."

On October 18, 2010, the Plaintiff and Defendant each moved for summary judgment.

On February 3, 2011 a motion hearing was held by Judge Smith at which counsel for both parties argued for and against the two pending motions for summary judgment, respectively.

On April 7, 2012, Judge Smith issued an Opinion and Order that granted Defendant's Motion for Summary Judgment and denied Plaintiff's Motion for Summary Judgment. Judge Smith concluded that RITBA's RI EZ-Pass Discount Plan did not violate the Constitution as the Plaintiff alleged and that neither the Plaintiff nor the Class was entitled to any damages.

As previously agreed by the Parties, the Court's Opinion and Order on Summary Judgment did not end the case in favor of the Defendant. Instead, a settlement amount, 25%, as opposed to 75%, of excess tolls was determined as a result of the Court's decisions on the cross motions for summary judgment. Under that agreement to compromise, both sides avoided certain risks and costs of litigation, and the people affected, so long as their Recognized Claim is equal to or greater than $5.00 will get or will have the opportunity to get compensation. Plaintiff and Plaintiff's Counsel think the settlement is a fair, reasonable, and adequate settlement of the claims of the Settlement Class. .

## WHO IS IN THE SETTLEMENT

To see if you will get money from this settlement, you first have to determine if you are a Settlement Class Member.

| How do I know if I am part of the settlement? |
| --- |

The Court directed that for the purposes of the proposed settlement that everyone who fits this description is a Settlement Class Member:

| Are there exceptions to being included? |
| --- |

No.  There are no exclusions to the Settlement Class.

| What if I am still not sure if I am included? |
| --- |

If you are still not sure whether you are included in the Settlement Class, you can ask for free help.  You can call 1-800-xxx-xxxx or visit ***www._____.com*** for more information. Or you can fill out and return the claim form described on page __, in question __, to preserve any rights you have to a distribution.

## THE SETTLEMENT BENEFITS — WHAT YOU GET

| What does the settlement provide? |
| --- |

In exchange for the settlement and dismissal of the Action, the Defendant has agreed to create a $906,151.98 fund to be divided, after fees and expenses, among Settlement Class Members.

| How much will my payment be? |
| --- |

Your share of the fund will depend on the difference in the toll amount you paid using a transponder compared to the toll rate under the RI EZ-Pass Discount Plan and the number of times you paid the non-discounted toll rate to cross the Newport Bridge during December 16, 2008 through and including April 7, 2011.

## HOW YOU GET A PAYMENT — SUBMITTING A CLAIM FORM

| How can I get a payment? |
| --- |

To qualify for a payment, you must have a Recognized Claim of at least $5.00.  Most Settlement Class members that qualify will either receive a check in the mail or a credit to their active MassDOT transponder account based upon the toll collection records.

File a Proof of Claim form if:

(a) your Transponder(s) during the Settlement Class Period was issued by MassDOT and is no longer active and cannot be credited with a settlement distribution.  MassDOT will credit settlement distributions only to Settlement Class member whose Transponders used during the Settlement Class Period continue to be active MassDOT Transponder accounts.  If your MassDOT Tranponder is no longer active and you submit a Claim Form and qualify, you will receive a check in the mail.

(b) whether or not your Transponder(s) was issued by MassDOT, if you used more than one Transponder to pay the Newport Bridge toll during the Settlement Class Period because total the amount of tolls paid on any individual Transponder may not be enough to reach the required $5.00 Recognized Claim amount to qualify for a distribution but if aggregated you may qualify; or

(c) your Transponder(s) was/were not associated with your name and physical address because without your address we cannot send you a settlement distribution check.

A Proof of Claim form is attached to this Notice. You may also get a Proof of Claim form at *www.xxxxxxxxxxx.com*. Read the instructions carefully, fill out the Proof of Claim form, include all the documents the form asks for, sign it, and mail it postmarked no later than _____, **2015**.

| When would I get my payment? |
| --- |

The Court will hold a hearing on _____, **2015**, to decide whether to approve the settlement. If the Court approves the settlement, and after the resolution of any appeals that follow, a distribution will occur. It is always uncertain when appeals will be resolved, and resolving them can take more than a year. It also takes time for all the Proofs of Claim to be processed. Please be patient. Class Counsel, identified on page __, in question __, can answer questions you have about the timing of distributions.

| What am I giving up to get a payment or stay in the Class? |
| --- |

Unless you exclude yourself, you are staying in the class, and that means that, upon the "Effective Date," you will release all "Released Plaintiff's Claims" (as defined below) against the "Released Parties" (as defined below).

"Released Plaintiff's Claims" means all claims, debts, actions, allegations, obligations, fees, expenses, costs, matters, demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, concealed or hidden, by Plaintiff or any member of the Settlement Class arising out of RITBA's toll schedule and the collection of tolls to cross the Newport Bridge during the Settlement Class Period that were alleged or could have been alleged in the Action.

"Released Parties" means the Plaintiff and the Defendant

The "Effective Date" will occur when an Order entered by the Court approving the settlement becomes final and not subject to appeal.

If you remain a member of the Class, all of the Court's orders will apply to you and legally bind you.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this settlement, and instead you want to keep any right you may have to sue or continue to sue the Defendant and the other Released Parties, on your own, about the Released Plaintiff's Claims, then you must take steps to exclude yourself, sometimes referred to as "opting out", of the Settlement Class.

| How do I get out of the proposed settlement? |
| --- |

To exclude yourself from the Settlement Class, you must send a letter by mail stating that you "request exclusion from the Settlement Class in *Isabel S. Cohen v. Rhode Island Turnpike and Bridge Authority*, C.A. No. 09-153 S (D. R.I.)" Your letter should state the name of the transponder issuer and transponder number that you used to pay tolls to cross the Newport Bridge during the Settlement Class Period. In addition, be sure to include your name, address, day time telephone number, and your signature. You must mail your exclusion request so it is postmarked no later than _____, **2015** to:

Cohen v. RITBA Exclusions
c/o A.B. Data, Claims Administrator
600 A.B. Data Drive
Milwaukee, WI 53217

You cannot exclude yourself by telephone or by e-mail. If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue (or continue to sue) the Defendant and the other Released Parties in the future.

| If I do not exclude myself, can I sue the Defendant and the other Released Parties for the same thing later? |
| --- |

No. If the settlement is approved, unless you have excluded yourself, you would have given up any rights to sue the Defendant and the other Released Parties for any and all Settled Claims. If you have a pending lawsuit speak to your lawyer in that case immediately. You must exclude yourself from *this* Settlement Class to continue your own lawsuit. Remember, the exclusion deadline is _____, **2015**.

| If I exclude myself, can I get money from the proposed settlement? |
| --- |

No. If you exclude yourself, do not send in a claim form to ask for any money. Any claim forms from excluded persons will be rejected. But, you may exercise any right you may have to sue, continue to sue, or be part of a different lawsuit against the Defendants and the other Released Parties.

## THE LAWYERS REPRESENTING YOU

| Do I have a lawyer in this case? |
| --- |

The Court ordered that the law firms of Stull, Stull & Brody in New York, New York, and the Law Offices of Stephen R. White in Warwick, Rhode Island represent all Settlement Class Members. These lawyers are called Plaintiff's counsel. You will not be separately charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

| How will the lawyers be paid? |
| --- |

Plaintiff's counsel are moving the Court to award attorneys' fees from the Settlement Fund in an amount of not greater than one-third (30%) of the Gross Settlement Fund and for reimbursement of their expenses, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund. Plaintiff's counsel, without further notice to the Settlement Class, may subsequently apply to the Court for additional fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class and any proceedings subsequent to the Settlement Fairness Hearing. Fees and expenses will only be awarded by the Court in amounts the Court deems fair and reasonable. As noted above, Plaintiff's counsel will make its motion papers in support of its request for attorneys' fees and expenses available at the following website www.xxxxxx.com at least 14 days before the objection deadline noted below.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

| How do I tell the Court that I do not like the proposed settlement? |
| --- |

If you are a Settlement Class member, you can object to the proposed settlement or request for an award of attorneys' fees and expenses, Case Contribution Award or the Plan of Allocation. You can give reasons why you think the Court should not approve any facet of the settlement or Plaintiff's counsel's request. The Court will consider your views. To object, you must send a signed letter saying that you object to the proposed settlement in *Isabel S. Cohen v. Rhode Island Turnpike and Bridge Authority*, C.A. No. 09-153 S (D. R.I.). Be sure to include your name, address, telephone number, and your signature, identify the issuer of the transponder and transponder number you used to pay the non-Rhode Island Resident toll rate to cross the Newport Bridge during the Settlement Class Period, and state the reasons why you object to the proposed settlement or application for attorney's fees, expenses and/or Case Contribution Award. Your objection must be filed with the Court and served on all the following counsel on or before _____, **2015**:

| COURT | PLAINTIFF'S COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>District of Rhode Island<br>Federal Building and<br>  Courthouse<br>One Exchange Terrace,<br>Providence, RI 02903 | Patrick Slyne, Esq.<br>Stull Stull & Brody<br>6 East 45th Street<br>New York, NY 10017 | Brian J. Lamoureux<br>Pannone Lopes Devereaux & West LLC<br>317 Iron Horse Way Ste 301<br>Providence, RI 02908 |

---

**What is the difference between objecting and excluding?**

---

Objecting is simply telling the Court that you do not like something about the proposed settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S SETTLEMENT FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the proposed settlement and request for attorneys' fees and expenses. You may attend the hearing at your own expense, and you may ask to speak at the hearing, but you do not have to do either.

---

**When and where will the Court decide whether to approve the proposed settlement?**

---

The Court will hold a Settlement Fairness Hearing at ___:_____ __.m. on ____day, _____, **2015**, at the United States District Court, District of Rhode Island, Federal Building and Courthouse, One Exchange Terrace, Providence, Rhode Island 02903. At this hearing the Court will consider whether the settlement is fair, reasonable and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Plaintiff's Counsel for their fees and reimbursement of expenses and to Plaintiff for a Case Contribution Award. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

You should be aware that the Court may change the date and time of the hearing. Thus, if you want to come to the hearing, you should check with Plaintiff's Counsel before coming to be sure that the date and/or time has not changed.

---

**Do I have to come to the hearing?**

---

No. Plaintiff's counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk

13

about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not required.  Settlement Class members do not need to appear at the hearing or take any other action to indicate their approval.

| May I speak at the hearing? |
| --- |

If you object to the settlement, you may ask the Court for permission to speak at the Settlement Fairness Hearing.  To do so, you must include with your objection (see question ___ above) a statement saying that it is your "Notice of Intention to Appear in *Isabel S. Cohen v. Rhode Island Turnpike and Bridge Authority*, C.A. No. 09-153 S (D. R.I.)"  Persons who intend to object to the settlement, the Plan of Allocation, Plaintiff's counsels' application for an award of attorneys' fees and expenses and/or Case Contribution Award and desire to present evidence at the Settlement Fairness Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Fairness Hearing.  You cannot speak at the hearing if you excluded yourself.

### IF YOU DO NOTHING

| What happens if I do nothing at all? |
| --- |

If you do not need to file a Proof of Claim form (as described above on page _), and you are a Settlement Class member, you will receive a check in the mail or your active MassDOT transponder account will be credited so long as your Recognized Claim is equal to or greater than $5.00.  But, if the settlement is approved, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendant and the other Released Parties about the Settled Claims in this case, ever again.

### GETTING MORE INFORMATION

| Are there more details about the proposed settlement? |
| --- |

This notice summarizes the proposed settlement.  More details are in a Settlement Agreement dated _____, 2014 (the "Settlement").  You can get a copy of the full  Settlement Agreement by visiting ***www.xxxxxxxxxxxx.com***. or by writing to Jason D'Agnenica, Esq., Stull, Stull & Brody, 6 East 45th Street, New York, New York  10017.

You also can call the Claims Administrator at XXXXXXX toll free; write to [address]; or visit the website at ***www.xxxxxx.com***. where you will find answers to common questions about the settlement, a claim form, plus other information to help you determine whether you are a Settlement Class member and whether you are eligible for a payment.

For more detailed information concerning the matters involved in this Action, reference is made to the pleadings, to the Stipulation, to the Orders entered by the Court and to the other papers filed in the Action, which may be inspected at the Office of the Clerk of the United States District Court, District of Rhode Island, Federal Building and Courthouse, One Exchange Terrace, Providence, Rhode Island 02903, during regular business hours.

**PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS**

The $ 906,151.98 Class Settlement Amount and any interest earned thereon shall be the Settlement Fund.  The Settlement Fund, less all taxes, approved costs, fees and expenses (the "Net Settlement Fund") shall be distributed to members of the Settlement Class who have Recognized Claims, as defined below, equal to or greater than $5.00 and, if required, submit acceptable Proofs of Claim ("Authorized Claimants").

Rental Car Servicing Companies ("RCSC")[1] (entities that supply and/or service transponders to rental car companies) are excluded from the Plan of Allocation because toll charges incurred by RCSC transponders are typically passed through to and ultimately paid by rental car customers.  Rental car customers are included in the Plan of Allocation and can participate in the Settlement if they file appropriate Proof of Claim forms and their Recognized Claim meets the $5.00 cut off.  The $906,151.98 Settlement Fund Amount includes $37,878.59 associated with Newport Bridge tolls charged to transponders registered to RCSCs.

The Claims Administrator shall determine each Authorized Claimant's pro rata share of the Net Settlement Fund based upon 25% of the difference between the non-resident toll rate paid and the RI E-Z Pass Discount Plan toll rate for each Newport Bridge crossing  during the Settlement Class Period or, each Authorized Claimant's "Recognized Claim."  The Recognized Claim formula is not intended to be an estimate of the amount of what a Class Member might have been able to recover after a trial, nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement.  The Recognized Claim formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.  There may be adjustments to the Recognized Claim amounts, which may increase or decrease the percentage recovery for Recognized Claims.  However, the percentage adjustment will be the same for all Settlement Class Members regardless of whether they used an RCSC registered transponder.

If Settlement Class Members who are required to file Proof of Claim forms do not file acceptable Proofs of Claim, they will not share in the settlement proceeds.  Settlement Class Members who do not file an acceptable Proof of Claim will nevertheless be bound by the judgment and the Settlement.

---

[1] The following entities are RCSCs: American Traffic Solutions Inc., Highway Toll Administration LLC, and ZipCar, Inc.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of un-cashed distributions or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, such balance remaining six (6) months after the initial distribution of such funds shall after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund shall be contributed to any combination of the following *cy pres* recipients, all in the sole discretion of the Court: Aquidneck Land Trust, Clean Ocean Access, and/or Discover Newport, which are all non-sectarian, not-for-profit, organizations.

Plaintiff, Defendant, their respective counsel, and all other Released Parties shall have no responsibility for or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of any Proof of Claim or non-performance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund or any losses incurred in connection therewith.


Dated:        Providence, Rhode Island
                  _____, 2014

                                      By Order of the Court
                                      CLERK OF THE COURT

Exhibit B to Preliminary Approval Order: Email Notice

UNITED STATES DISTRICT COURT
FOR THE DISTRCIT OF RHODE ISLAND

Isable S. Cohen v. Rhode Island Turnpike and Bridge Authority, C.A. No. 09-153 S

NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
YOUR LEGAL RIGHTS MIGHT BE AFFECTED BY THIS SETTLEMENT.
PLEASE READ THIS NOTICE CAREFULLY.

You received this notice because an EZ-Pass, Fastland or other comparable transponder system registered in your name was charged a non-Rhode Island resident toll rate to cross the Newport/Claiborne Pell Bridge ("Newport Bridge") during December 16, 2008 through and including April 7, 2011 (the Settlement Class Period). This lawsuit alleged that charging Rhode Island residents lower toll rates per crossing than toll rates charged to non-Rhode Island residents violated the U.S. Constitution. Defendant asserts its Resident Discount Plan complies with the law and denies the allegations in this case. The parties have reached a proposed settlement of this lawsuit. Under the proposed settlement, you may be entitled to a return of a portion of the non-Rhode Island resident toll rate you paid during the Settlement Class Period.

You can learn more about the settlement at www. xxxxxxxxxxxxxx.com or by calling 1 (xxx) xxx-xxxx. Depending on your particular circumstances, you may or may not need to file a Claim Form to share in the settlement fund. To read a more detailed description of the terms of the proposed settlement and to read the Long Form Notice of Proposed Class Action Settlement, which more fully describes your rights, visit the website, www. xxxxxxxxxxxxxx.com.

If needed, the Claim Form is available at www.RITBASettlement .com or you can request that a Claim Form and notice be mailed to you by calling 1-xxx-xxx-xxxx or by writing the claims administrator at _____. You may file your Claim Form online at www.RITBASettlement.com; or by U.S. Mail.

If the settlement is approved by the Court, any legal action you may have against Defendant related non-Rhode Island resident toll rates will be released. If you do not wish to be bound by the terms of this settlement, you must exclude yourself from the settlement. Or, you may formally object to the settlement. Visit the settlement website for information on how to do so. All such information is subject to verification by the claims administrator and/or your appearance in court.

Exhibit C to Preliminary Approval Order: Mail Notice

UNITED STATES DISTRICT COURT
FOR THE DISTRCIT OF RHODE ISLAND

Isable S. Cohen v. Rhode Island Turnpike and Bridge Authority, C.A. No. 09-153 S

NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
YOUR LEGAL RIGHTS MIGHT BE AFFECTED BY THIS SETTLEMENT.
PLEASE READ THIS NOTICE CAREFULLY.

You received this notice because an EZ-Pass, Fastland or other comparable transponder system registered in your name was charged a non-Rhode Island resident toll rate to cross the Newport/Claiborne Pell Bridge ("Newport Bridge") during December 16, 2008 through and including April 7, 2011 (the Settlement Class Period).  This lawsuit alleged that charging Rhode Island residents lower toll rates per crossing than toll rates charged to non-Rhode Island residents violated the U.S. Constitution.  Defendant asserts its Resident Discount Plan complies with the law and denies the allegations in this case.  The parties have reached a proposed settlement of this lawsuit. Under the proposed settlement, you may be entitled to a return of a portion of the non-Rhode Island resident toll rate you paid during the Settlement Class Period.

You can learn more about the settlement at www. xxxxxxxxxxxxxx.com or by calling 1 (xxx) xxx-xxxx.  Depending on your particular circumstances, you may or may not need to file a Claim Form to share in the settlement fund.  To read a more detailed description of the terms of the proposed settlement and to read the Long Form Notice of Proposed Class Action Settlement, which more fully describes your rights, visit the website, www. xxxxxxxxxxxxxx.com.

If needed, the Claim Form is available at www.RITBASettlement .com or you can request that a Claim Form and notice be mailed to you by calling 1-xxx-xxx-xxxx or by writing the claims administrator at _____.  You may file your Claim Form online at www.RITBASettlement.com; or by U.S. Mail.

If the settlement is approved by the Court, any legal action you may have against Defendant related non-Rhode Island resident toll rates will be released.  If you do not wish to be bound by the terms of this settlement, you must exclude yourself from the settlement.  Or, you may formally object to the settlement. Visit the settlement website for information on how to do so.  All such information is subject to verification by the claims administrator and/or your appearance in court.

# Attachment 2 to Preliminary Approval Order: Proof of Claim

| | |
|---|---|
| Isabel S. Cohen, on Behalf of Herself and All Others Similarly Situated, | ) ) |
| Plaintiff, | ) |
| v. | ) ) |
| Rhode Island Turnpike and Bridge Authority, | ) ) |
| Defendant. | ) ) ) |

Civil Action No. 09-153 S

**CLAIM FORM**

You are a Settlement Class Member if you were a non-Rhode Island resident who during December 16, 2008 through and including April 7, 2011 (the "Settlement Class Period"), paid tolls to cross the Newport/Claiborne Pell Bridge ("Newport Bridge") using an EZ-Pass, FastLane or other comparable system (your "Transponder(s)"), and did not receive the discount given to Rhode Island residents pursuant to the RI EZ-Pass Discount Plan ("Resident Discount Plan").

If you are a Settlement Class Member and wish to participate in the Settlement and receive proceeds from the Settlement Fund, you must submit a Claim Form if:

a. your transponder(s) used to pay the Newport Bridge toll was/were issued by Massachusetts Department of Transportation ("MassDOT") and is/are no longer associated with an active MassDOT account;

b. if you used more than one Transponder to pay the Newport Bridge toll, whether or not your Transponder(s) was/were issued by MassDOT; or

c. if the transponder(s) you used to pay the Newport Bridge toll was/were prepaid or not registered with your name and/or address so that you did not receive regular account statements from the transponder issuer(s).

IF YOU MEET THE ABOVE CRITERIA, IN ORDER TO HAVE AN OPPORTUNITY TO RECEIVE A SHARE OF THE SETTLEMENT FUND, YOU MUST COMPLETE AND SIGN THIS CLAIM FORM AND RETURN IT TO:

RITBA CLASS ACTION
CLASS ADMINISTRATOR
c/o A.B. DATA, LTD.
PO BOX 170500
MILWAUKEE, WI 53217

MAIL THIS FORM BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN DATE**. FAILURE TO SUBMIT YOUR CLAIM FORM BY **DATE** MAY SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOU FROM RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS LITIGATION.

DO NOT MAIL OR DELIVER YOUR CLAIM FORM TO THE COURT, THE SETTLING PARTIES, OR THEIR COUNSEL. SUBMIT YOUR CLAIM FORM ONLY TO THE CLASS ADMINISTRATOR.

**PART I: CLAIMANT INFORMATION**

Last Name (Claimant)                                    First Name (Claimant)

Address Line 1

Address Line 2 (if applicable)

City                                    State    Zip Code

**PART II:  TRANSPONDER (EZ-PASS, FASTLANE OR OTHER COMPARABLE SYSTEM) INFORMATION**

Please provide name(s) of Transponder Issuer(s) and Transponder Number(s).  Add additional information by supplemental page, if necessary.

Transponder Issuer (*e.g.* Massachusetts DOT, New York State Bridge Authority, etc.)        Transponder Number

Transponder Issuer (*e.g.* Massachusetts DOT, New York State Bridge Authority, etc.)        Transponder Number

Transponder Issuer (*e.g.* Massachusetts DOT, New York State Bridge Authority, etc.)        Transponder Number

**PART III: REQUIRED DOCUMENTATION**

You **must** attach relevant account statement(s) reflecting the number of crossings of the Newport Bridge from December 16, 2008 through and including April 7, 2011, and the amount of the tolls paid.  If your Transponder(s) was prepaid or not registered with your name and/or address so that you did not receive regular account statements, please provide a true and correct listing of the number of crossings of the Newport Bridge from December 16, 2008 through and including April 7, 2011, and the amount of the tolls paid.

Any supporting documentation should be submitted as legible copies—please do not send originals, but maintain them in your records for additional verification or clarification, if needed.  All information submitted in a Claim Form is subject to further inquiry and verification.  The Class Administrator may ask you to provide additional supporting information or documentation.  Failure to provide such requested information or documentation might adversely affect, or result in denial of, your claim.

**PART IV: RESIDENCY AT TIME OF TOLLS**

Please indicate by checkmark below whether you were a Rhode Island resident at the time of the crossings referenced in connection with Part III above.

☐  I was not a Rhode Island resident at the time of the crossings referenced in Part III.

☐  I was a Rhode Island resident at the time of the crossings referenced in Part III.

**PART V:  CERTIFICATION**

UNDER THE PENALTIES OF PERJURY, I CERTIFY THAT THE INFORMATION PROVIDED ON AND WITH THIS CLAIM FORM IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

_____        _____        _____

Signature of Claimant                                                                    Date                             Print Name of Claimant

THIS CLAIM FORM MUST BE SUBMITTED TO THE CLASS ADMINISTRATOR AT THE FOLLOWING ADDRESS NO LATER THAN **DATE**:

RITBA CLASS ACTION
CLASS ADMINISTRATOR
c/o A.B. DATA, LTD.
PO BOX 170500
MILWAUKEE, WI  53217

No acknowledgment will be made as to the receipt of the Claim Form.  If you wish to be assured that your Claim Form is actually received by the Class Administrator, then you should send it by Certified Mail, Return-Receipt Requested.  You should be aware that it will take time to fully process all of the Claim Forms and to administer the Settlement.  This work will be completed as promptly as possible.  Please notify the Class Administrator of any change of address.

# Exhibit D & Attachment 3 to Preliminary Approval Order: Publication Notice

| | |
|---|---|
| ISABEL S. COHEN, on Behalf of Herself and All Others Similarly Situated, | |
| Plaintiff, | |
| v. | C.A. No. 09-153 S |
| RHODE ISLAND TURNPIKE AND BRIDGE AUTHORITY, | |
| Defendant. | |

### SUMMARY NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT AND SETTLEMENT HEARING

TO: **ALL PERSONS WHO WERE NON-RHODE ISLAND RESIDENTS (INSERT DATE) WHO DURING DECEMBER 16, 2008 THROUGH AND INCLUDING APRIL 7, 2011 (THE "SETTLEMENT CLASS PERIOD") PAID TOLLS TO CROSS THE NEWPORT/CLAIBORNE PELL BRIDGE ("NEWPORT BRIDGE") USING AN E-ZPASS, FASTLANE OR OTHER COMPARABLE SYSTEM (YOUR "TRANSPONDER(S)"), AND WHO DID NOT RECEIVE THE DISCOUNT GIVEN TO RHODE ISLAND RESIDENTS PURSUANT TO THE RI EZ-PASS DISCOUNT PLAN (THE "SETTLEMENT CLASS").**

**YOU ARE HEREBY NOTIFIED**, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the Court, that the above-captioned action has been certified as a class action and that a settlement for $906,151.98 with accruing interest has been proposed. A hearing will be held before the Honorable William E. Smith in the Federal Building and Courthouse, One Exchange Terrace, Providence, Rhode Island 02903, at ___:_____ __.m., on _____, 2015 to determine whether the proposed Settlement and Plan of Allocation should be approved by the Court as fair, reasonable, and adequate, and to consider the application of Plaintiff's Counsel for attorneys' fees, reimbursement of expenses and Plaintiff's Case Contribution Award

.

IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS DESCRIBED ABOVE, YOUR RIGHTS WILL BE AFFECTED AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT FUND.  A detailed Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing and a Proof of Claim form, which contains information about the need to file proofs of claim, may obtained on the [SETTLEMENT WEBSITE] or by requesting printed copies of these documents by contacting the Claims Administrator:

RITBA Non-Resident Toll Litigation, c/o
A.B. Data
600 A.B. Data Drive
Milwaukee, WI 53217
(800) xxx-xxxx

Inquiries, other than requests for the forms of Notice and Proof of Claim, may be made to Plaintiff's Counsel:

Jason D'Agnenica, Esq.
STULL STULL & BRODY
6 East 45th Street
New York, New York 10017
(212) 687-7230

By Order of The Court

Exhibit 2:    Final Order

ISABEL S. COHEN, on Behalf of Herself
and All Others Similarly Situated,

                    Plaintiff,

        v.                                          C.A. No. 09-153 S

RHODE ISLAND TURNPIKE AND
BRIDGE AUTHORITY,

                    Defendant.

## [PROPOSED] ORDER AND FINAL JUDGMENT

**WHEREAS**, on the __th day of _____ 2014, this Court held a hearing to

determine (1) whether the terms and conditions of the Class Action Settlement Agreement dated

_____, 2014 ("the Settlement Agreement") are fair, reasonable and adequate for the

settlement of all claims asserted by all members of the Settlement Class against Defendant in the

class action captioned (the "Action"), including the release of Defendant from the Released

Plaintiff's Claims, and should be approved; (2) whether final judgment should be entered

dismissing the Complaint against Defendant with prejudice; (3) whether to approve the proposed

Plan of Allocation as a fair and equitable method to allocate the Settlement Fund among all

Settlement Class members; (4) in what amount to award Plaintiff's Counsel fees and expenses;

and (5) in what amount to award of the proposed Plaintiff's Contribution Award in recognition

of the time and effort Plaintiff contributed while representing the members of the Settlement

Class.

**AND WHEREAS,** the Court having considered all matters submitted to it at the hearing

and otherwise; and it appearing that Notice of the hearing, substantially in the forms approved by

the Court, was timely mailed or emailed to all persons reasonably identifiable as Settlement Class members; and a summary notice, substantially in form approved by the Court, was timely published in The USA Today newspaper; and a website has been maintained by the Settlement Administrator as required by the Preliminary Approval Order; and the Court having considered and determined the fairness, reasonableness and adequacy of the Settlement, the proposed Plan of Allocation, and the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all initial capitalized terms used herein having the meanings set forth in the Settlement Agreement,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1.     The Court has jurisdiction over the subject matter of the Action and over all parties to it, including all members of the Settlement Class.  Capitalized terms used in this Order and Final Judgment not otherwise defined have the same definition set forth the Settlement Agreement.  The Settlement Agreement is incorporated by reference herein.

2.     The Court finds for the purposes of the Settlement only that the prerequisites for certification of this Action as a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that in this Action: (a) the number of Settlement Class members herein is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the members of the Settlement Class herein; (c) the claims of the Class Representative designated herein are typical of the claims of the Settlement Class sought to be represented; (d) the Class Representative has fairly and adequately represented, and will fairly and adequately represent, the interests of the Settlement Class herein.  The Court also finds for purposes of settlement only, as required by Fed. R. Civ. P. 23(b)(3), common questions predominate over individual questions so that the claims would will prevail or fail in unison.

3.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for purposes of Settlement only, the Court hereby finally certifies this Action as a class action, with the Settlement Class being defined as follows: "all persons who were non-Rhode Island residents who during the Settlement Class Period Period paid tolls to cross the Newport Bridge using an EZ-Pass, FastLane or other comparable system, and who did not receive the discount given to Rhode Island residents pursuant to the RI EZ-Pass Discount Plan."

4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, the Court appoints Isabel S. Cohen as Class Representative in this Action. The Court appoints Stull, Stull & Brody as Settlement Class Counsel.  The Court has considered each of the elements required by Fed. R. Civ. P. 23(g) in order to ensure that Class Counsel will fairly and adequately represent the interests of the Settlement Class.  Class Counsel who seek to represent the Settlement Class in the Action have done sufficient work and are sufficiently experienced in class action litigation to represent the interests of the Settlement Class.

5.     The Court determines that the Postcard Notice, Email Notice and Long-Form Notice transmitted or available to the Settlement Class and the Publication Notice provided pursuant to the Preliminary Approval Order are the best notice practicable under the circumstances and, in the form of the Postcard Notice and Email Notice, included individual notice to all members of the Settlement Class who could be identified through reasonable efforts. Such Notice provided valid, due, and sufficient notice of these proceedings and of the matters set forth therein, including the Settlement described in the Settlement Agreement and the Plan of Allocation, to all persons entitled to such notice, and such Notice has fully satisfied the requirements of Fed. R. Civ. P. 23, and the requirements of the United States Constitution (including due process).  The Court also determines that the notice of the Settlement transmitted

to government agencies fully satisfied the requirements of the Class Action Fairness Act such that the releases provided herein are binding on the Settlement Class.

6.     The Court determines that the Settlement Agreement was negotiated vigorously and at arm's-length by Plaintiff and her counsel on behalf of the Settlement Class and further finds that, at all times, Plaintiff has acted independently and that her interests are identical to the interests of the Settlement Class. Notwithstanding the Court's April 7, 2011 decision in Defendant's favor, if settlement of Plaintiff's claims had not been achieved, both Plaintiff and Defendant faced the expense, risk, and uncertainty of appeal and extended litigation.

7.     Pursuant to Fed. R. Civ. P. 23(e), the Court hereby approves and confirms the Settlement embodied in the Settlement Agreement as being a fair, reasonable, and adequate settlement and compromise of the Action and in the best interests of the Settlement Class.  The Court orders that the Settlement Agreement shall be consummated and implemented in accordance with its terms and conditions.

8.     The Court hereby finds that the Plan of Allocation provides a fair and equitable basis upon which to allocate the proceeds of the Settlement Fund among the Settlement Class members.  A full and fair opportunity was accorded to all Settlement Class members to be heard with respect to the Plan of Allocation.  Accordingly, the Court hereby approves the Plan of Allocation.

9.     The Action is hereby dismissed with prejudice, each party to bear its own costs, except as provided herein.

10.     The Court having certified the Action as an opt-out class action under Fed. R. Civ. P. 23(a) and 23(b)(3), Settlement Class members shall be bound by the Settlement.

11.     Upon the Effective Date of the Settlement, Plaintiff and all other Settlement Class members, and all successors-in-interest of any of the foregoing, absolutely and unconditionally release and forever discharge the Released Parties from the Released Plaintiff's Claims.  Nothing herein, however, shall preclude any action or claim related to the implementation and/or enforcement of the Settlement Agreement.

12.     Upon the Effective Date of the Settlement, Defendant and the other Released Parties absolutely and unconditionally release and forever discharge Plaintiff, the Settlement Class, Plaintiffs' Counsel, and all Successors-in-Interest of any of the foregoing from the Released Defendants' Claims.  Nothing herein, however, shall preclude any action or claim related to the implementation and/or enforcement of the Settlement Agreement.

13.     The Parties intend the Settlement to be a final and complete resolution of all disputes asserted or which could have been asserted by Plaintiff, the Settlement Class, and Plaintiff's Counsel against the Released Parties with respect to the Released Plaintiffs' Claims. Accordingly, Plaintiff and Defendant shall not assert in any forum that the claims asserted in the Action were brought or defended in bad faith or without a reasonable basis.  The Parties shall not assert any contention regarding a violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense or settlement of the Action.  Except as expressly set forth in the Settlement Agreement, each party shall bear his, her or its own costs and expenses, including attorneys' fees.

14.     In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, the Final Order shall be rendered null and void and shall be vacated *nunc pro tunc*, and the Action shall be dismissed with prejudice and without costs..

15.     Upon the Effective Date of the Settlement, Plaintiff, all Settlement Class members, and Plaintiff's Counsel are permanently enjoined and barred from commencing or prosecuting any action asserting any of the Released Plaintiff's Claims against any of the Released Parties.

16.     The Settlement Agreement and this Final Order, whether or not consummated, do not and shall not be construed, argued, or deemed in any way to be (a) an admission or concession by Defendant with respect to any of the Released Plaintiff's Claims or evidence of any violation of any statute or law or other wrongdoing, fault, or liability by Defendant, or (b) an admission or concession by Plaintiff or any member of the Settlement Class that their claims lack merit or that the defenses that have been or may have been asserted by Defendant has merit.

17.     Absent written agreement of the parties, in the event the final judgment approving the Settlement is reversed, vacated, or modified in any respect by the Court or any other court, the certification of the Settlement Class shall be vacated, the Action shall proceed as though the Settlement Class had never been certified, and no reference to the prior Settlement Class or any documents related thereto shall be made for any purpose.

18.     The Settlement Agreement and the Final Order shall not be offered or received in evidence by any class member or party to the Action in any civil or administrative action or proceeding other than proceedings necessary to approve or enforce the terms of the Settlement Agreement and this Order and Final Judgment.

19.     The attorneys' fees sought by Plaintiff's Counsel are fair and reasonable in light of the results achieved by Plaintiff's Counsel, the monetary benefits obtained in the Action, the substantial risks associated with the Action, Plaintiff's Counsel's skill and experience in class

action litigation of this type, and the fee awards in comparable cases. Accordingly, attorneys' fees are awarded in the amount of ____% of the gross Settlement Fund.

20. The litigation expenses incurred by Plaintiff's Counsel in the course of prosecuting the Action are fair and reasonable. Accordingly expenses are awarded in the amount of $_____, to be paid from the Settlement Fund in accordance with the Settlement Agreement.

21. A Case Contribution Award to the named Plaintiff and Class Representative Isabel S. Cohen is awarded in the amount of $3,000.

22. As required by Fed. R. Civ. P. 23(h)(3), the Court has considered and finds as follows in making this award of attorneys' fees and expenses:

a. The Settlement created a Settlement Fund of $906,151.98 in cash, plus interest, for distribution to the Settlement Class, and numerous Settlement Class members will benefit from the Settlement pursuant to the Plan of Allocation;

b. Postcard Notice or Email notice was transmitted to _____ putative Settlement Class members notifying them that Plaintiffs' Counsel would be applying to the Court for up to _____% of the Settlement Fund in attorneys' fees incurred in connection with the Action, and a Case Contribution Awards up to $3,000 for the named Plaintiff;

c. The Postcard Notice, Email Notice and Publication Notice advised Settlement Class members that more information would be made available on the Settlement Website. Pursuant to the Preliminary Approval Order, Plaintiff's Counsel's filing in support of final approval of the Settlement, the proposed Plan of Allocation, an award for attorneys' fees and expenses, and Case Contribution Award was posted to the Settlement Website at least

twenty-one days prior to the deadline for Settlement Class members to review and serve objections thereto;

d. _____objections were filed against the terms of the Settlement, the proposed Plan of Allocation, or Plaintiff's Counsel's application for attorneys' fees, expenses and Case Contribution Award;

e. The Action involved complex factual and legal issues, were actively prosecuted for more than __ years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

f. Had Plaintiff's Counsel not achieved the Settlement there would remain a significant risk that Plaintiff and the class they sought to represent would recover significantly less or nothing from the Defendant;

g. Plaintiff's Counsel's fee and expense application indicates that they devoted over _____ hours, with a lodestar value of approximately $_____ to achieve the Settlement; and

h. The amounts of attorneys' fees and expenses and Case Contribution Award awarded by the Court are fair and reasonable and consistent with such awards in similar cases.

23. Without affecting the finality of this Judgment, the Court retains jurisdiction for purposes of implementing the Settlement Agreement and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement Agreement and the Settlement, as may from time to time be appropriate, and resolution of any and all disputes arising thereunder.

**SO ORDERED** this _____ day of _____, 2015.

_____
William E. Smith
Chief United States District Judge

Exhibit 3:    Plan of Allocation

ISABEL S. COHEN, on Behalf of Herself
and All Others Similarly Situated,

                        Plaintiff,

     v.

RHODE ISLAND TURNPIKE AND
BRIDGE AUTHORITY,

                   Defendant.

C.A. No. 09-153 S

## PLAN OF ALLOCATION OF
## NET SETTLEMENT FUND AMONG SETTLEMENT CLASS MEMBERS

The $ 906,151.98 Class Settlement Amount and any interest earned thereon shall be the Settlement Fund. The Settlement Fund, less all taxes, approved costs, fees and expenses (the "Net Settlement Fund") shall be distributed to members of the Settlement Class who have Recognized Claims, as defined below, equal to or greater than $5.00 and, if required, submit acceptable Proofs of Claim ("Authorized Claimants").

Rental Car Servicing Companies ("RCSC")[1] (entities that supply and/or service transponders to rental car companies) are excluded from the Plan of Allocation because toll charges incurred by RCSC transponders are typically passed through to and ultimately paid by rental car customers. Rental car customers are included in the Plan of Allocation and can participate in the Settlement if they file appropriate Proof of Claim forms and their Recognized Claim meets the $5.00 cut off. The $906,151.98 Settlement Fund Amount includes $37,878.59 associated with Newport Bridge tolls charged to transponders registered to RCSCs.

---

[1] The following entities are RCSCs: American Traffic Solutions Inc., Highway Toll Administration LLC, and ZipCar, Inc.

The Claims Administrator shall determine each Authorized Claimant's pro rata share of the Net Settlement Fund based upon 25% of the difference between the non-resident toll rate paid and the RI E-Z Pass Discount Plan toll rate for each Newport Bridge crossing during the Settlement Class Period or, each Authorized Claimant's "Recognized Claim." The Recognized Claim formula is not intended to be an estimate of the amount of what a Class Member might have been able to recover after a trial, nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Claim formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. There may be adjustments to the Recognized Claim amounts, which may increase or decrease the percentage recovery for Recognized Claims. However, the percentage adjustment will be the same for all Settlement Class Members regardless of whether they used an RCSC registered transponder.

If Settlement Class Members who are required to file Proof of Claim forms do not file acceptable Proofs of Claim, they will not share in the settlement proceeds. Settlement Class Members who do not file an acceptable Proof of Claim will nevertheless be bound by the judgment and the Settlement.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of un-cashed distributions or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, such balance remaining six (6) months after the initial distribution of such funds shall after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund shall be

contributed to any combination of the following *cy pres* recipients, all in the sole discretion of the Court: Aquidneck Land Trust, Clean Ocean Access, and/or Discover Newport, which are all non-sectarian, not-for-profit, organizations.

Plaintiff, Defendant, their respective counsel, and all other Released Parties shall have no responsibility for or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of any Proof of Claim or non-performance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund or any losses incurred in connection therewith.